ALBERT BLISS

v.

JOHN R. SMITH.

78  359
80a 280

78    359
112a 4395

1.  WAGES EXEMPT FROM GARNISHMENT — *construction of statute.* Under the statute exempting the wages of a defendant, being the head of a family and residing with the same, to the amount of $25, the plaintiff can only recover whatever may be due from the garnishee in excess of $25 at the time of service of the garnishee.

2.  The garnishee process will not reach any wages that the debtor may earn after the service, and before the filing of interrogatories and answer.

3.  Where the answer of a garnishee stated that the debtor whose wages were sought to be reached had been in his employ from the time of service of process, and had collected bills for such garnishee, and that they had had frequent settlements between the time of service of garnishee process and filing his answer, that he had no means of telling how much he had paid the defendant on account of wages during that time, but that at no time had he owed the defendant to exceed $12, and that defendant was, during all the time, the head of a family, and resided with the same, and the answer was not contested, it was *held*, that the plaintiff could not recover.

4.  An employer has a clear right, notwithstanding he has been served with a garnishee process, to pay to his employee his wages, regularly, for the support of his family, so long as the amount due does not exceed $25 at any one time.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. M. STOSKOPF, and Mr. J. M. BAILEY, for the appellant.

Messrs. BARTON & BARNUM, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The decision in this case turns partly on the construction of that section of the statute which provides: "The wages and services of a defendant, being the head of a family and

residing with the same, to an amount not exceeding $25, shall be exempt from garnishment. In case the wages or services of such defendant in the hands of the garnishee shall exceed $25, judgment shall be given only for the balance above that amount." R. S. 1874, chap. 62, sec. 14.

At the date of the service of the garnishee summons in this case, defendant was indebted to the judgment debtor in the sum of $8, for four days' labor, previously performed. No question is made, that the judgment debtor was, at the time, the head of a family, residing with them. Hence, it follows, under the statute cited, that amount was clearly exempt from garnishment.

The only question in the case is as to the wages subsequently earned by the judgment debtor in the service of the defendant, during the period intervening the service of the garnishee process and the filing of the interrogatories and answer herein.

The theory of the garnisheeing creditor is, that the process will hold all the judgment debtor has earned in the service of defendant, up to the date of filing his answer, deducting but one time $25, the amount exempted by statute. The construction contended for, is as harsh and uncharitable as it is unwarranted. There is no authority, in reason or justice, for saying the statute has any reference whatever to wages subsequently earned by the judgment debtor. The language of the statute is: "in case the wages or services of such defendant in the hands of a garnishee shall exceed $25, judgment shall be given only for the balance above that amount." When in the hands of the garnishee? Obviously at the date of the service of the garnishee summons. The judgment is only to go for the balance exceeding $25, in the hands of the garnishee at that time. The statute has not provided the judgment shall be for any sum the judgment debtor may subsequently earn in the service of defendant; and we have neither the right nor inclination, by judicial construction, to extend its provisions so as to enable the garnisheeing creditor

to reach any wages the judgment debtor may thereafter earn. The statute was enacted for a humane purpose : for the benefit of the debtor's family as well as himself, and should receive a fair and liberal construction, that it may effectuate the beneficent object the legislature had in view. Any other construction than the one we have indicated would render the statute nugatory.

But, aside from this view of the law, the case was heard in the court below on the answer of defendant, and as the case comes before us, we do not see how there could be any recovery. It is set forth in the answer, that on the 18th day of July, following the service of the garnishee summons, defendant was indebted to the judgment debtor, including the $8 earned before service, in the sum of $12, for one week's labor, which he then paid to him. At the end of the next following week, he was indebted to him in the further sum of $12, which he, in like manner, paid. These two amounts being under $25, were, of course, under the statute, exempt from garnishment, and defendant could rightfully pay the same to the judgment debtor.

The last payment was in full of all wages earned up to the 25th of July. On the 27th day of July, the judgment debtor commenced working for defendant as a laborer, and continued in his employ up to the date of filing his answer, at and for the wages of $2 for each working day ; that on each Saturday after the 27th of July, defendant had a complete settlement with the judgment debtor, and if anything was found to be due to him, paid in full; that the business of defendant, during that period, was delivering ice to the inhabitants of Freeport and vicinity, and that he employed the judgment debtor to assist him in delivering ice and in collecting the price. The answer further discloses, that frequently between the 27th of July and the date of filing the answer, on the occasions of the Saturday settlement, the judgment debtor was found to be indebted to defendant on account of collections made by him from customers, for ice delivered to them.

Defendant further says, in his answer, he has no means of knowing what amount of money he had paid the judgment debtor for his services from the 27th of July, but avers that at no time, from that date to the filing of his answer, was he indebted to the judgment debtor in a sum exceeding $12, and that ever since the service of the summons, the judgment debtor has been the head of a family, residing with them, and has claimed his wages as exempt from garnishment.

The answer is not contested, and must, therefore, be taken as true. Before any judgment can be rendered in such case, it must appear, from the answer, that the garnishee is liable. It does not appear, from the answer, that any sum was ever due from the garnishee defendant to the judgment debtor from the 27th of July to the filing of the answer. The judgment debtor, during all that time, was collecting money for the garnishee, and frequently at the weekly settlements he was found to be indebted to the garnishee. The answer does not admit that any certain amount was due the judgment debtor, and it therefore affords no data by which a judgment for any particular sum could have been rendered.

But the decision may be placed on broader and more reasonable grounds. If anything was found due to the judgment debtor at the Saturday settlements, if the amount was less than $25, the garnishee had the clear right, under the statute, to pay it over to him for the support of his family, for whose benefit as well as his own the act was passed. Had the judgment debtor quit the service of the garnishee before his wages amounted to $25, it will be conceded the same would be exempt from garnishment. The construction contended for would compel the judgment debtor to quit the service of his employer as soon as his wages should reach $25, and seek employment elsewhere to maintain his family. We are unwilling to give any such narrow and illiberal construction to the statute. The laborer may take up his wages as fast as the same become due, if the amount that shall become due at any one time shall not exceed $25. This construction of

the statute is warranted by the enlightened spirit that prompted its enactment, and we have no inclination to so construe it as to defeat its beneficent designs.

It is, perhaps, proper to say, that in giving this construction to the statute it has no application except to the 14th section cited.

The judgment will be affirmed.

*Judgment affirmed.*