FRANK J. HOFFMAN, for use, etc.

*v.*

FITZWILLIAM & SONS.

1. GARNISHMENT—*exemption of wages.* The statute relating to garnishment has no reference to wages earned after service of the writ, and the laborer whose wages are sought to be garnisheed, if the head of a family and residing with them, may take up his wages after service of the writ as fast as the same become due, where the amount does not exceed $25.

2. It is of no consequence that the judgment debtor, upon the service of the writ of garnishment, terminates his previous contract, and re-engages at the same wages or salary, payable weekly in advance. The employer may pay him his wages as fast as due, where it is less than the exemption.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a garnishee proceeding, brought by C. M. Foster & Co., against Fitzwilliam & Sons, to garnishee wages due from defendants to Frank J. Hoffman. The court below found for the defendants.

Messrs. STEVENSON & EWING, for the appellants.

Messrs. REEVES & TIPTON, and Mr. O. T. REEVES, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

All the questions of law arising on this record have been settled by the recent decision of this court, in *Bliss* v. *Smith*, 78 Ill. 359.

There was nothing due from defendants to the judgment debtor, at the date of the service of the writ of garnishment. He had previously been in the employment of the defendants, at a salary agreed upon, payable in weekly installments. It is admitted, the judgment debtor is a married man and the head of a family, residing with them. After the service of the writ, and before the answer was filed, the judgment debtor had earned wages by his labor in the service of defendants, to the amount of $500, all of which had been paid to him in weekly installments, not exceeding $25.

It will not be necessary to discuss the points made as new questions. It was declared in *Bliss* v. *Smith*, the statute under which this proceeding was commenced had no reference whatever to wages subsequently earned, and that the laborer, being the head of a family, residing with them, may take up his wages, after service of the writ of garnishment, as fast as the same become due, where the amount does not exceed the sum of $25. In the case at bar, the wages becoming due in installments to the judgment debtor for his personal labor, were less than the sum exempt by the statute, and hence his employers could rightfully pay the same as fast as earned.

It is a matter of no consequence, the judgment debtor, upon the service of the writ, terminated his previous contract and re-engaged with the defendants at the same salary, payable weekly, in advance. That fact has no bearing on the decision. In either case, defendants could pay him his wages as fast as the several installments became due, the amount being less than the statutory sum exempted from garnishment.

The judgment must be affirmed.

*Judgment affirmed.*