### R. W. CHANDLER *v.* J. B. WHITE.

EXEMPT PROPERTY. *Wages of laborer. Garnishment. Code* 1880, § 1244.

> The exemption of wages to a laborer, the head of a family, under § 1244, code 1880, is not of one hundred dollars yearly or monthly, but exists whenever and as often as wages within the amount exempted are sought to be subjected by legal process.

FROM the circuit court of the second district of Chickasaw county.

HON. NEWNAN CAYCE, Judge.

Appellant, R. W. Chandler, recovered a judgment against J. B. and M. A. White, and, in March, 1882, caused a writ of garnishment to be served on the Mobile & Ohio Railroad Company. Defendant, J. B. White, was in the employ of said company as a laborer, and the company answered the garnishment, admitting an indebtedness of forty dollars, which White claimed as exempt, he being the head of a family. The justice court in which the judgment had been rendered, and to which the writ of garnishment was returnable, held the indebtedness to be exempt, and rendered judgment accordingly. Afterwards, second and third writs of garnishment were served in succession on the railroad company, which it answered as before, and the sums admitted to be due were again claimed as exempt, and awarded to the judg-

ment debtor. The amounts thus admitted by the garnishee to be due, and which were awarded to the judgment debtor as exempt, aggregated more than one hundred dollars, the maximum amount which, by § 1244, code 1880, a laborer, the head of a family, is entitled to claim as exempt.

Subsequently, during the same year, the plaintiff. caused a fourth writ of garnishment to be served on the railroad company, which answered, admitting an indebtedness of forty dollars. White again claimed this as exempt, and, on the issue thus arising, judgment was rendered in favor of the plaintiff against the garnishee. The amount of this judgment against the garnishee being less than plaintiff's judgment, he caused another, the fifth, garnishment to be issued against the company, and the judgment debtor having again propounded his claim to the sum as exempt, judgment was rendered in favor of the plaintiff against the garnishee for an amount sufficient to satisfy the balance due on the judgment. From these two adverse judgments White, the judgment debtor and claimant, appealed to the circuit court, where the causes were consolidated. The trial there resulted in a peremptory instruction to find in favor of White, thus adjudging. the wages to be exempt, notwithstanding the debtor had previously, during the same year, successfully propounded his claim for sums due as wages, aggregating more than one hundred dollars. After motion for new trial overruled, plaintiff appeals.

*Buchanan & Stovall,* for appellant.

It was never intended that the statute exempting wages should be a shield to cover and protect all the earnings of a laborer, no matter how large, or that the exemption should be used to wrong and defraud creditors. Certainly an expert workman who receives fifty or one hundred dollars per month cannot claim the same every month as exempt, thus depriving his judgment creditor of his legal rights. Such a consideration would, in effect, repeal all remedies for the col-

lection of debts against this class of people, and would be repugnant to the constitution.

The statute, in saying that one hundred dollars shall be exempt, cannot be construed so that twelve hundred or twelve thousand dollars may be claimed; yet that might be the result if the laborer earned one hundred dollars per day, and collected his wages every night, leaving his creditor to get nothing.

*W. G. Orr* and *W. J. Stockett*, for appellee.

The exemption is not of one hundred dollars yearly, monthly, weekly or daily, but one hundred dollars at the time of the service of the writ of garnishment. Garnishment is the same as execution. The fact that an exempt team had been seized and claimed as exempt, and afterward had died or been sold or had been eaten, certainly would not deprive the judgment debtor of claiming another team if he had procured another. Such, however, is the contention of appellant.

WOODS, J., delivered the opinion of the court.

The astonishing result reached in the magistrate's court was properly rectified by the judgment of the circuit court. The contention of appellant's counsel is utterly untenable. The statute cannot be tortured into such constructon as would make only one hundred dollars per annum of a laborer or mechanic, due as wages, secure from the demands of creditors. It is just as plausible to say that the statutory exemption of wages to the laborer having a family to support can be claimed once in a life-time as to say that it can be claimed only once a year. The extent of the exemption is not left in doubt by the language of the law. The one hundred dollars wages of the laborer having a family, under § 1244, code of 1880, it is declared, "shall be exempt from garnishment or other legal process." It is exempt from every garnishment, whether sought to be enforced annually or monthly. Time does not measure the privilege. Whenever the exemp-

tion is sought to be subjected, by legal process, to the demand of a creditor, the exemptionist may invoke the protection of the law.

The fears of the counsel for appellant are premature. When the golden age returns, and laborers having families earn from $1,200 to $12,000 per annum, if debt and credit then survive, doubtless a legislature, if one is left, will reduce the exemption of the wealthy laboring man.

*Affirmed.*