HENRY CHAPMAN ET AL. *v.* J. P. BERRY.

1. EXEMPT PROPERTY. *Wages of laborer. Garnishment. Code of 1892, § 1962, subdiv. 10 (a).*

Under code of 1892, § 1962, subdiv. 10 (*a*), exempting from garnishment the wages of a laborer or other person working for wages, who is the head of a family, to the amount of $100, a judgment debtor who is the head of a family and working for wages at $81 per month, payable monthly, is entitled to demand and receive his wages as they fall due monthly, notwithstanding the garnishment of his employer, and where such garnishment is returnable several months after the service thereof, neither the amount then due, when less than $100, nor such other wages as the debtor may earn in the interval preceding judgment, under the same contract with the garnishee, can be subjected in the proceeding, since the statute in question was designed for the protection of the debtor's family, and cannot be given a construction that would defeat its beneficent purpose. *Chandler* v. *White,* 71 Miss., 161, cited.

2. SAME. *Rights of debtor. Payment by garnishee.*

Where the amount due to the debtor at the service of the garnishment was less than $100, and the amount remaining due to him at the time of judgment, exclusive of the sum due at the time of service, is, in consequence of payments properly made by the garnishee, also less than $100, the garnishee should be discharged, for the creditor took nothing by his garnishment when the wages due were less than $100, and, excluding what was then due, there would remain no excess over $100.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

The appellant and judgment debtor, Chapman, was an employee of the garnishee, the Alabama & Vicksburg Railway Company, working for wages at $81 per month, payable monthly. The railway company was garnisheed on April 8, 1895, when one month's wages were due. This money was retained by the company. Chapman having informed the

company that, his credit being thus impaired, he could not live and support the family of which he was the head, unless the company would supply him from month to month from the subsistence car and charge the amount supplied to his wages. If this were done he could continue in its service. To this the company assented, and he was supplied from month to month. On the return day of the writ there was due to him from the company $121, being the first month's wages and the monthly balances unexpended. The cause was tried on July 9, 1895, before the court, without a jury, and it was held that the garnishee was bound for the four months' wages earned by Chapman since the service of the writ, less $100, the statutory exemption, and judgment rendered accordingly. A motion to set aside the judgment was overruled, and this appeal thereupon prosecuted.

*Nugent & Mc Willie,* for the appellant.

Notwithstanding the contrary view of the court below, we still refer with confidence to the case of *Chandler* v. *White,* 71 Miss., 161, as decisive of the question involved in the one at bar.

It is true that by another section of the code of 1892 (§ 2135) the garnishee is required to answer as to all indebtedness that accrues from the time of service to the return day of the writ, but there is no conflict between that provision and the section creating the exemption. Sec. 1962, subdiv. 10 (*a*). Each month's wages were exempt from garnishment. Whatever can be lawfully stopped is stopped by service of the process, and may be subjected to the payment of the judgment, but no more. Else the law itself must be nugatory. *Hall* v. *Hartwell,* 8 N. E. Rep., 333, s. c. 142 Mass., 447.

In the similar case of *Sullivan* v. *Hardy,* 35 N. E. Rep., 103, s. c. 160 Mass., 32, the plaintiff sued the garnishee for his wages, notwithstanding the garnishment, and had judgment, the court holding that the garnishment was no defense at all. "The sum not exceeding $10, if due for such wages, is pay-

able, notwithstanding the pendency of the trustee process, because in no event can the same be subject to attachment.''

The garnishment did not in any way impair the power of the parties to contract, nor relieve the company of its duty to pay its wage-earner his monthly earnings.   The existing condition had rendered an alteration in the contract essential; the laborer had the right, and it was his duty, to stipulate for bread in favor of himself and family, and the company could not be prevented from complying with the righteous demand.   The creditor had no right in law to garnishee the wages, and by his unlawful attempt to circumvent the statute by a garnishment, should not be suffered to reap any advantage.   While men do not live by bread alone, they must have bread to live, and our statute does not intend that a creditor, by garnishment, can deprive the laborer, not to say his little children, of bread.   A man can, no more than a horse, work without food, and the statute is not susceptible of a construction that would reduce the head of a family to beggary, and render him unable to provide for those whose maintenance depends upon his daily toil. It is based upon the soundest considerations of public policy and humanity, and should be liberally construed.

*A. H. Jayne* and *J. C. Ward*, for the appellee.

1. The case of *Chandler* v. *White*, 71 Miss., 161, is not authority for the contention of appellant's counsel.   The statute can no more be tortured into meaning that $100 is exempt each month than that $100 is exempt each year.   In that case there were several garnishments, and as many answers, and the total of all amounts admitted to be due the defendant exceeded $100, and judgment was given for the overplus.   In the Massachusetts cases very similar facts existed, and none of these cases are in point.   In the case at bar there was only one garnishment, and only one answer by the garnishee.   Between the time the writ was served and the filing of the answer $324 had accrued to defendant, including what was due at the time of

service. Does a single garnishment cover the entire period from service of writ to answer filed? If it does, then the judgment of the lower court is right. A garnishment is in the nature of an attachment, and the moment anything belonging to the debtor comes into the hands of the garnishee, a lien attaches, unless it is exempt, and the garnishee cannot escape liability by paying it or delivering to the defendant or anyone else. Under our statute, as construed, a laborer or wage-earner may be getting more than $100 per month and still have a balance due him less than $100 when his employer is garnisheed, and claim it as exempt. So, also, if a laborer or wage-earner is getting less than $100 per month, and allows it to remain in the hands of his employer until more than $100 is due him when the writ is served, only the $100 would be exempt, no matter how small his monthly wages might be.

The question in this case is, as stated above, What is included in a single garnishment? Does it include the entire time between the service of the writ and answer filed? We think it means nothing else. *Bremer* v. *Mohn*, 32 Atl. Rep., 90. Besides, our statute requires the garnishee to answer on oath "whether he be indebted to the defendant at the time of the service of the writ on him, or have at any time since been indebted." Code 1892, § 2135.

2. If we should be mistaken in the view that the whole amount, less the exemption of $100, is subject to the garnishment, we think it is clear that, if at any one time during the pendency of the suit more than $100 was due to the defendant, it would not be exempt. The answer says that, at the time it was filed, there was due to him $121.10, but examination will show that there was due him at least $170 or $175. There was $81 due when the writ was served. Eighty-one dollars accrued during April, and defendant drew $56.65, leaving a balance of $24.35. This added to the $81 makes $105.35. Eighty-one dollars accrued in May, and he drew out $74.25, which we may presume were not drawn before the twenty-fifth

of the month, when his earned wages amounted to $67.50, the sum total of all wages in the hands of the garnishee being $172.85. But, if this calculation be objectionable, there can be no doubt that we should have judgment for the $21.10 in excess of $100, shown by the answer to be still remaining in the hands of the garnishee.

Argued orally by *W. L. Nugent*, for the appellants, and by *A. H. Jayne*, for the appellee.

WOODS, J., delivered the opinion of the court.

In the opinion of this court in *Chandler* v. *White*, 71 Miss., 161, it is said that " the one hundred dollars wages of the laborer having a family, under § 1244, code of 1880, it is declared, shall be exempt from garnishment or other legal process. It is exempt from every garnishment, whether sought to be enforced annually or monthly. Time does not measure the privilege. Whenever the exemption is sought to be subjected, by legal process, to the demand of the creditor, the exemptionist may invoke the protection of the law." In that case, the contention of counsel for the judgment creditor was that a laborer who receives fifty or one hundred dollars per month cannot claim the same as exempt every month. In the attempted maintenance of this contention, the judgment creditor took five successive writs of garnishment against the employer of the laborer, by which writs it was sought to tie up in the garnishee's hands the wages of the laborer for several months, so that the aggregate sum of the monthly wages should reach and pass beyond one hundred dollars.

In the case at bar, the judgment creditor sought to tie up and have applied to his judgment the entire monthly wages of his debtor for three or four months under one writ of garnishment, executed in April and returnable in July, less one hundred dollars exempt as wages. This view was adopted by the court below and judgment was entered accordingly. This ac-

tion was erroneous, and rests upon a rigid adherence to the letter of the law of garnishment, as contained in chapter 55, code of 1892, and, in failing to give vital efficacy to that provision—subdivision (*a*) of the tenth head of the first section of our law of exempt property, found in chapter 45 of the code— by which "the wages of every laborer or person working for wages, being the head of a family, to the amount of one hundred dollars" are made exempt from seizure under legal process. The humane and wise purpose of this exemption law was to secure not only to the laborer, but the family of which he was head, and for which, by every obligation, legal as well as moral, it was his duty to provide, the necessaries and comforts of life. His wages, by law, are set apart and dedicated to that righteous end. They are made absolutely exempt from seizure under legal process, and we must give our exemption law such construction as will carry its beneficent design into effect. The chapter on garnishment and the independent chapter on exemptions must be so construed as to give harmonious effect to both. The view which we decline to follow would, practically, render nugatory this salutary provision exempting the wages of laborers. If, by successive service of writs of garnishment, as was attempted in *Chandler* v. *White, supra*, or by a single writ returnable to a term of court long subsequent to its execution, as was done in the present case, the debtor can aggregate the small monthly wages to an amount in excess of the exemption, and seize this excess, no matter how great his judgment may be, it will be readily seen that both the laborer and his family may come to actual want, and the statute for their protection would be rendered nugatory. Under the mistaken view which prevailed below, the laborer would be deprived of his small wages, payable at short intervals, until his creditor's debt had been satisfied, if the laborer continued in the service of the same employer, or he would be driven to seek new employment, and, if successful in finding it, he would again be forced to leave the second employment, after a writ of garnish-

ment had been served, and once more engage in his wandering search for a third engagement, and so on infinitely, his family meanwhile being subjected to all the hardship and want incident to such vicissitudes of evil fortune.

The true view is that, on the first of each month, or whenever, by the contract of employment, the wages, not exceeding one hundred dollars, are due and payable, the laborer has the right to demand and receive them, notwithstanding his employer may have been garnisheed. When the garnishment writ was served—in this case, on April 8, 1895—and the railway company's answer showed that it owed its servant $81 for wages, the judgment creditor took nothing by its writ for the wages then due, for the wages were not garnishable, and the servant had the right to demand payment of his employer, notwithstanding the service of the writ, and, in like manner, the wages for April, May and June were, as they respectively fell due (provided, always, the employer did not have more than $100 of the laborer's wages in his hands), absolutely exempt from seizure under legal process, no matter whether by one writ or a half dozen successive writs, and the railroad company might and should have paid, according to the tenor of its contract, the monthly wages to the laborer. Similar statutes in other states have received consideration, and such construction given them as we think must be given our own. Our statute was designed to secure to laborers and their families the small fruits of their toil, and we feel bound to give it such proper and liberal interpretation as will give life and force to that wise and humane design. See *Bliss* v. *Smith*, 78 Ill., 359; *Collins* v. *Chase*, 71 Me., 434; *Hall* v. *Hartwell*, 142 Mass., 447. The case of *Bremer* v. *Mohn*, Pa. Sup. Ct., found in 32 Atlantic Reporter, p. 90, involves no construction of statutes of exemptions for wages, and, on other grounds, is distinguishable from the case in hand.

It is contended, however, by counsel for appellee that, if their chief contention is thought by us to be not sound, yet,

under the amended answer of the garnishee, judgment should be rendered for $21.10. The answer does not admit an indebtedness of $120.10, but states certain facts by which the various balances, after deducting from each month's wages of $100 the amounts paid to or accounted for with the laborer monthly, if added to the $81 due when the garnishment was served in April amount to $121. But we have already seen that this $81 wages for March was exempt from seizure under legal process; was not garnishable, and that the judgment creditor acquired nothing by the service of his writ at that time.

*Let the garnishee be discharged on its answer. Judgment accordingly.*