## S. L. Davis, use of, etc., v. Siegel, Cooper & Co.

1. Garnishment—*When Garnishee Must Answer as to Indebtedness to Judgment Debtor.*—Section 5 of the Garnishment act, as judicially construed, requires the garnishee to answer as to his indebtedness to the judgment debtor, first, when the debt is owing and due at the date of service; second, when it is owing at the date of service and becomes due thereafter; and third, when it is owing and due at any time after the service of the writ, up to the date of the answer.

2. Same—*What Wages are Exempt from.*—The wages for services of a defendant, who is the head of a family and residing with the same, to the amount of eight dollars per week, is exempt from garnishment.

3. Same—*Act of 1872—Unearned Wages.*—The act of 1872 does not contemplate the garnishment of unearned wages.

4. Same—*Act of 1872—Requirements—Judgment and Return of Execution.*—By section 1 of the Garnishment act, there must be a judgment, the issuance of the execution, and a return " No property found," in order to maintain proceedings in garnishment.

5. Construction of Statutes—*The Garnishment Act of 1872 to be Liberally Construed.*—The Garnishment act of 1872 was enacted for the benefit of the debtor's family as well as himself, and should receive a fair and liberal construction so that it may effectuate the object the legislature had in view.

Garnishment.—Trial in the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Finding and decree for the garnishee. Error by plaintiff (garnishor). Heard in this court at the October term, 1898. Affirmed. Opinion filed February 23, 1899.

### Statement.

On affidavit of Edward K. Boyd, filed August 6, 1897, that at the April term, 1897, he recovered judgment against S. L. Davis for $175 debt, and $15.75 costs; that execution was issued on said judgment and was returned " No property found;" that Davis had no property within the affiant's knowledge liable to execution, but that affiant had reason to believe that Siegel, Cooper & Co. was indebted to Davis, etc. The garnishee was served with process, August 7, 1897, and answered interrogatories filed by the alleged judgment creditor, in substance, that, at the date of service of the writ on it, Davis was and still remained in its employ; that at said

time his salary was $20 per week, payable after the first day of the week next after being earned; that August 6, 1897, it advanced to Davis $20, and thereafter, and up to the time of answering, it had advanced to him, on the first day of each following week, a like sum, with the understanding that he would pay in services thereafter to be rendered, and that Davis was the head of a family and resided with his family. A replication was filed to the answer, and the cause, by agreement, was tried by the court, without a jury, and the court found the issues for appellee and rendered judgment accordingly.

MITCHELL & ADDINGTON, attorneys for plaintiff in error.

Garnishment statutes are remedial in their character and should receive a liberal interpretation, so that the remedy may be promoted and its purposes subserved. Am. & Eng. Enc. of Law, Vol. 8, 1104; Ill. Cent. R. R. Co. v. Weaver, 54 Ill. 319; R. R. Co. v. Crane, 102 Ill. 249.

Section 5 aforesaid has been construed and held to require the garnishee to answer in the following instances: First, where the debt is owing and due at the date of service; second, where it is owing at the date of service and becomes due thereafter; and, third, where it is owing and due at any time after the service of the writ, up to the date of the answer. Hanover Fire Ins. Co. v. Connor, 20 Ill. App. 297; Young v. Nat'l Bank of Cairo, 51 Ill. 73; Wilcus v. Kling, 87 Ill. 107.

Sections 5 and 14 of the act are construed together, and the rule announced that the process of garnishment does not reach wages earned after the service of the writ, and prior to the filing of the answer. Bliss v. Smith, 78 Ill. 359; Hoffman v. Fitzwilliam, 81 Ill. 521.

No statute should be so construed as to protect a fraud. Rogers v. Brent, 5 Gil. 573.

A. BINSWANGER, attorney for defendant in error, contended that garnishee process will not reach wages that the debtor may earn after the service of the writ and before the filing of the answer. Bliss v. Smith, 78 Ill. 359; Hoffman v. Fitzwilliam, 81 Ill. 521.

In the absence of any evidence of the alleged judgment upon which the garnishment purports to be founded the case must be affirmed. Gilcreest v. Savage, 44 Ill. 56; Pierce v. Wade, 19 Ill. App. 185; McNeill v. Donohue, 44 Ill. App. 42; Siegel, Cooper & Co. v. Schueck, 60 Ill. App. 429.

MR. JUSTICE ADAMS delivered the opinion of the court.

Counsel for plaintiff rely on the Garnishment act, and especially on section 5 of that act, which, as judicially construed, requires the garnishee to answer as to indebtedness to the judgment debtor, "first, when the debt is owing and due at the date of service; second, when it is owing at the date of service and becomes due thereafter; and, third, when it is owing and due at any time after the service of the writ, up to the date of the answer." Hanover F. Ins. Co. v. Connor, 20 Ill. App. 297, 309.

Counsel further contend that the payment to Davis of his wages, in advance of his earning them, was fraudulent as to plaintiff and collusively evasive of the statute, and also that section 14 of the Garnishment act, as amended by an act in force July 1, 1897, constitutes no defense to the claim against the appellee. Section 14, as amended, is as follows:

"The wages for services of a defendant, who is the head oif a family and residing with the same, to the amount of eight dollars per week, shall be exempt from garnishment. All above the sum of eight dollars per week shall be liable to garnishment. *Provided*, the person bringing suit shall first make a demand in writing for the excess above the amount herein exempted. No costs or expenses shall be chargeable to the defendant, unless he shall refuse to turn over to the creditor the amount due him that is herein exempted, upon such written demand."

Counsel for plaintiff contend that the Garnishment act, including amended section 14, should be construed liberally in favor of the remedy. Section 14 is for the benefit of the judgment debtor and his family, and in Bliss v. Smith, 78 Ill. 359, the court, commenting on a similar section in the Garnishment act of 1872, say:

" The statute was enacted for a humane purpose; for the benefit of the debtor's family as well as himself; and should receive a fair and liberal construction that it may effectuate the beneficent object the legislature had in view."

In Bliss v. Smith, *supra*, and also in Hoffman v. Fitzwilliams et al., 81 Ill. 521, the court held that section 14 of the act of 1872 had no application to wages earned after service of the garnishment writ, basing this decision partially on the ground that the section only authorized garnishment of the excess over $25 in the hands of the garnishee.

Does section 14, as amended, authorize garnishment of wages earned after service of the writ? The section provides that, as a condition precedent to bringing suit, "The person bringing suit shall first make a demand in writing for the excess above the amount herein exempted. No cost or expenses shall be chargeable to the defendant, unless he shall refuse to turn over to the creditor the amount due him above that herein exempted, upon such written demand." It must be admitted that the provision is not very lucid. The person mentioned as "defendant" in it, is apparently the judgment debtor, he being named as defendant in the first line of the section. If this view is correct, it is on the judgment debtor that demand must be made. If, on the contrary, the intention of the statute is that the demand shall be made on the garnishee, then, in this case, there was no demand, a demand having been made only on Davis, the judgment debtor. The provision must receive a reasonable and practical construction. It can not be presumed that the making demand was intended as a mere form, or that a demand was intended of such nature that it would be nugatory by reason of the impossibility or impracticability of compliance with it. The law does not require performance of useless acts. The demand intended is one which can be complied with by the person on whom made, not one which he can not comply with. Clearly, a debtor can not comply with a demand to turn over to the judgment creditor wages which the former has never earned and may never earn. He can not turn over that which is non-existent, and if, by a proper construction of the section, the

demand should be made on the garnishee, it is plain that the latter could not be required to turn over unearned wages.

We are therefore of opinion that the statute does not contemplate the garnishment of unearned wages.

July 26, 1897, a demand in writing was made on Davis, of which the following is a copy:

" S. L. DAVIS, Esq.

You are hereby notified that I hold against you a judgment for one hundred and seventy-five dollars ($175) and costs and interest, rendered in the Circuit Court of Cook County, Illinois, (case No. 163,358), which remains wholly unpaid and unsatisfied.

I therefore demand that you pay me on account of said judgment all your salary due or to become due to you from Siegel, Cooper & Company in excess of your legal exemption of eight dollars ($8) per week, as the same becomes due to you.

And in default of your complying with this demand, I shall hold you liable for such excess in an action of garnishment as by the statute I am entitled.

Dated at Chicago, this 26th day of July, 1897.

Respectfully,<br>EDWD. K. BOYD."

For the reasons stated, this demand was of no effect as to unearned wages, and we are of the opinion that, in view of the evidence, it was ineffective for any purpose. There is no evidence that there was anything due to Davis from the garnishee when the notice was served, or even that at that time he was in the employ of the garnishee. The evidence shows that he was in the garnishee's employ August 6, 1897, and it would appear from the remarks of counsel for the respective parties, on the trial, that he was in the garnishee's employ prior to August 6, 1897; but how long prior to that date does not in any way appear and can not be presumed. The answer of the garnishee is, as before stated, that August 6, 1897, the garnishee advanced Davis a week's salary, also that on the first day of every week thereafter, up to the time of filing its amended answer, it had advanced him a week's salary; that during said time it owed him nothing, and that at the date of the service of the writ, it was not

in any way indebted to him.   Plaintiff relied solely on the garnishee's answer in respect to its indebtedness to Davis. There having been nothing due to Davis at the date of service of the writ, and holding, as we do, that the statute has no application to unearned wages, this is conclusive as against plaintiff's claim.

But aside from the foregoing considerations, the judgment must be affirmed.   By section 1 of the Garnishment act, there must be a judgment, the issuance of an execution and a return of the execution " No property found," in order to maintain the garnishment.   Railroad Co. v. Keohane, 31 Ill. 144; Dunderdale v. W. Electric Co., 51 Ill. App. 407; D. Laundry Co. v. C. & A. R. R. Co., 55 Ib. 438; P. I. & I. Co. v. Olson, 63 Ib. 313.

In the present case, there was no evidence that an execution ever issued.   The affidavit for garnishment process avers that an execution was issued and returned " No property found," but the affidavit is not evidence, nor is it contained in the bill of exceptions.

We find no error in the refusal of propositions submitted by plaintiff as propositions of law.

The judgment will be affirmed.