Mutual Service Corporation, Appellant, v. Burdett M. Hugren (James E. Bennett et al., Garnishees), Appellees.

Gen. No. 26,971.

1. APPEAL AND ERROR—*waiver of objection by failure to urge below.* On a written motion to strike the answer of a garnishee, where the grounds stated do not include an objection that the answer alleges a conclusion that the judgment debtor was a wage earner, it must be held that the point not specified is waived, and it cannot be urged on appeal.

2. GARNISHMENT—*necessity of answer by garnishee.* Under the Garnishment Act, sec. 5 (Cahill's Ill. St. ch. 62, p. 1862), an answer of the garnishee as to moneys owing and due after the date of service of process and up to the date of answer shall be made upon the filing of interrogatories by the garnisher.

3. APPEAL AND ERROR—*objection not properly preserved cannot be urged on appeal.* An objection that an answer of a garnishee fails to show moneys due after the date of service of process, as required by the Garnishment Act, sec. 5 (Cahill's Ill. St. ch. 62, p. 1862), cannot be urged on appeal, where the record fails to show that the interrogatories were filed which would call for an answer in that respect, and there is no showing in the record of a rule of court requiring such answer.

4. GARNISHMENT—*employer not required to answer for amounts unearned at time writ served.* In view of its history, and because

Mutual Service Corporation v. Hugren, 225 Ill. App. 216.

the statute should be fairly and liberally construed, the Garnishment Act, sec. 14 (Cahill's Ill. St. ch. 62, p. 1864), must be construed to mean that no employer shall in any case be liable to answer for any amount not earned by the wage earner at the time of the service of the writ.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed May 1, 1922. Rehearing denied May 15, 1922.

CLARENCE A. SAMUEL, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellees; HENRY S. MOSER, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The appellant, Mutual Service Corporation, obtained a judgment against Burdett M. Hugren for the sum of $63 and costs of suit, on December 28, 1920. Execution issued therein and was returned "No property found and no part satisfied" on the 30th day of December, 1920. On the same day the judgment creditor filed an affidavit for garnishment summons, which issued against James E. Bennett, Frank A. Miller and Frank J. Salbert, doing business as James E. Bennett & Company, and was duly served. On January 17, 1921, the garnishees filed an answer which, on motion of the plaintiff, was stricken and an order entered that the garnishees file another answer within 5 days.

January 26, 1921, the garnishees answered in writing under oath, by their duly authorized agent, stating that "at the time of the service of the writ upon the garnishees in the above entitled cause, the said Burdett M. Hugren was in the employ of the said garnishees on a salary; that said Burdett M. Hugren, at the time of the service of said writ, was a wage earner, that at the time of the service of said writ

upon the garnishees herein, the said James E. Bennett * * * were not indebted to the said Burdett M. Hugren, and that they had no moneys, rights, choses in action, effects, estate or property in their hands, or in the hands of either of them, belonging to the said Burdett M. Hugren."

February 1, 1921, plaintiff moved to strike the answer of the garnishees from the files for insufficiency and for the following reasons stated: First, that it does not appear from said answer of the garnishees that Burdett M. Hugren, the judgment debtor, is the head of a family and residing with the same; second, that the answer of the garnishees fails to disclose the rents, tenements, goods, chattels, moneys, choses in action, credits and effects of Burdett M. Hugren, judgment debtor and the value thereof, in their possession, custody or charge, or from them due and owing to the defendant at the time of the service of the writ or at any time thereafter, or which should or might thereafter become due up to the time of the answer; third, that the answer was in other respects informal, insufficient, and not in compliance with the statute.

February 11, 1921, an order was entered by the court denying plaintiff's motion to strike the answer of the garnishees, and another order was thereupon entered discharging the garnishees.

It is assigned that the court erred in denying appellant's motion to strike the answer; in holding the answer of the garnishees sufficient, and in discharging the garnishees on their answer filed.

Appellant says that the answer of the garnishees was insufficient because it did not state that the judgment debtor was the head of a family, residing with the same. Appellant also says that the answer was insufficient because it did not, as required by section 5 of the Garnishment Act, Cahill's Ill. St. 1921, ch. 62, p. 1862, answer as to moneys owing and due after

the date of the service of process and up to the date of the answer. Appellant also says that the garnishees were obliged to answer as to such moneys, whether the same were wages earned or otherwise; and it further says that the answer was insufficient because it merely alleged as a conclusion that the judgment debtor was a wage earner, and failed to state facts from which the truth of that assertion might be determined. As to this last point, the grounds of appellant's motion in the trial court were stated in writing, and this point was not there specified; we conclude that it was waived and that it cannot be urged here. *Ottawa, O. & F. River Val. R. Co. v. McMath,* 91 Ill. 110.

As to the other point made under section 5, that section provides that such answer shall be made by a garnishee upon filing of interrogatories by the garnisher. This record fails to show that interrogatories were filed which would call for an answer in that respect. If there was any rule of court requiring such an answer, the same has not been preserved in the record.

The principal question argued involves a consideration of section 14 of the Garnishment Act, Cahill's Ill. St. 1921, ch. 62, p. 1864. This section as amended July 1, 1901, provides:

"The wages for services of a wage earner who is the head of a family and residing with the same, to the amount of $15 per week, shall be exempt from garnishment; all above the sum of $15 shall be liable to garnishment. Every employer shall pay to such wage earner such exempt wages not to exceed the sum of $15 per week of each week's wages earned by him when due, upon such wage earner making and delivering to his employer an affidavit that he is such head of a family and residing with the same. * * * If the amount of wages subject to garnishment shall not equal the costs of the garnishment, whatever remains of costs shall be paid by the person bringing the garnishment proceedings. * * * No

employer so served with garnishment shall in any case be liable to answer for any amount not earned by the wage earner at the time of service of the writ of garnishment."

That section in one form or another has been a part of the Garnishment Law of this State since 1861. Laws of 1861, p. 178, sec. 2. In *Bliss v. Smith,* 78 Ill. 359, the Supreme Court stated the purpose of the enactment in this language:

"The statute was enacted for a humane purpose; for the benefit of the debtor's family as well as himself, and should receive a fair and liberal construction, that it may effectuate the beneficent object the legislature had in view."

In the same case the garnisher creditor argued that the process would hold all that the judgment debtor had earned in the service of the defendant up to the date of filing his answer, except the amount of the exemption then allowed, which was $25. The court said:

"The construction contended for is as harsh and uncharitable as it is unwarranted. There is no authority in reason or justice for saying that the statute has any reference whatever to wages subsequently earned by the judgment debtor."

And in *Davis v. Siegel, Cooper & Co.,* 80 Ill. App. 278, this court held "that the statute does not contemplate the garnishment of unearned wages." Such was the law at the time section 14 was revised and amended in 1901. It is impossible to believe that if the legislature had intended to make a radical change in this law, it would have employed equivocal language to do so. Taking into consideration the language of the section, the context, the purpose of the enactment and its history, we conclude that this clause of the section must be construed to mean just what it says—that no employer served with a garnishment writ shall *in any case* be liable to answer for any amount not earned by the wage earner at the time of

the service of the writ. That is the reasonable con-struction; not only is it reasonable, but just, and pub-lic policy as well constrains us to so hold. Future wages may or may not be earned. It is not reason-able to suppose that the law would direct that to be seized which does not in fact exist. Debts ought in justice to be paid, but the creditor ought not to be permitted to seize the means whereby the laborer lives while earning that wherewith to pay, and the State is vitally interested that such injustice should not be permitted.

The judgment is affirmed.

*Affirmed.*

DEVER, P. J., and McSURELY, J., concur.