CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY

v.

EDWARD R. BLAGDEN, FOR USE, ETC.

*Garnishment—Answer of Garnishee—Objections—Collusion—Payment in Advance—Evidence.*

1. The answer of a garnishee until contradicted or disproved must be considered as true. If judgment is demanded upon the answer it must appear therefrom that the garnishee is chargeable, or he will be discharged.

2. An employer may, after the service of the writ, properly pay the wages of a servant in advance, in order to prevent the same from being reached under garnishment proceedings.

[Opinion filed June 14, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. W. H. LYFORD, for appellant.

Messrs. E. B. KING and F. W. BECKER, for appellee.

MORAN, J. This was a proceeding by garnishment against appellant to reach wages coming to said Edward R. Blagden. The attachment was commenced before a justice of the peace; and the writ was served on appellant as garnishee on the 18th day of June, 1886.

Appellant's answer was filed on June 26th, in which it was stated that it had in its possession and control at the date of the service of the writ, the sum of $6 and no more, of wages due or belonging to said Blagden. The case was continued from time to time until September 2d, when objections to the garnishee's answer were filed, and such proceedings were afterward had, that a judgment was entered by the justice against the garnishee for $103, and costs, being the amount of the judgment recovered against the defendant, Blagden, in the attachment suit. From this judgment the garnishee appealed to the Superior Court of Cook County, and in said court plaintiffs filed by leave of the court further interrogatories to the garnishee on October 19, 1888, which were answered by the garnishee, again stating that it had not in its possession, at the service of the writ or at any time, up to the filing of the answer, any sum of money, chose in action, etc., etc., due, or that might in the future become due to said Blagden, saving and excepting said sum of $6.

The sixth interrogatory was as follows: "Was said Blagden in your employment at the date of the services of said writ, or since, and if so, what salary did he receive, and how long was he in your employ after said service?" This was the answer:

"To the sixth interrogatory, the said railroad company, garnishee, answering, says that said Edward R. Blagden was in its employ from the date of the service of the writ in this cause continuously until the 13th day of February, A. D. 1888; that during all said time his salary was at the rate of $60 per month; that said salary was for each month due and payable after the first day of the following month; that on the date of the service of the writ in this cause, to wit, the 18th day of June, A. D. 1886, this garnishee advanced to said Blagden the sum of $24; that on the first day of July, 1886, said garnishee advanced to said Edward R. Blagden the sum of $30; that thereafter on or before the fifteenth, and likewise on or before the first day of each and every month up to and including the first day of February, 1888, said garnishee advanced to said Edward R. Blagden a like sum of $30, whereby

there was not any time between said 18th day of June, 1886, and the date hereof, to wit, the 19th day of October, 1888, any sum of money due or owing from said garnishee to said, Edward R. Blagden. On the contrary, this garnishee avers that there is now due and owing from said Edward R. Blagden to said garnishee the sum of $4 advanced by said garnishee to said Blagden on the first day of February, 1888, which this garnishee claims as set-off to be deducted from said sum of money, to wit, $6, leaving $2 subject to the order of this court in this case."

There were some additional interrogatories and further answers, but the question on which the case must be decided fully appears from what has been set forth.

No evidence was introduced at the trial, but the court gave judgment against appellant for $103 and costs, upon the answer. " The answer of the garnishee, until it is contradicted or disproved, must be considered as true. If judgment is demanded upon the answer, it must clearly appear therefrom that the garnishee is chargeable, or he will be discharged." The People v. Johnson, 14 Ill. 342; C. & St. L. R. R. Co. v. Kellenberg, 82 Ill. 295.

It is plain that the foregoing settled rule was disregarded by the court below, in rendering judgment against the garnishee in the case. The answer clearly states that at the service of the writ there were $6 due from the company to Blagden and no more, and the facts set forth show that there was never a time from the service of the writ to the filing of the last answer when it was indebted in any further sum to said Blagden.

No evidence was introduced to controvert these statements of the answer, and it is not perceived how, taking them as true, they warrant a judgment against the garnishee for more than $6. It is suggested in support of the judgment, that the answer shows that the salary "for each month was due and payable after the first day of the following month," and therefore the loan or advance made by the company was the inauguration of a new system of payment to defeat the garnishment.

The answer does not state that Blagden was employed to serve for any definite period, but merely that he had continued in the employ of the company at a salary of $60 per month. While, under such an arrangement, the company could not be compelled to pay till the end of the month, we are aware of no principle of law which would prohibit its doing so. What rule is there that would make it improper for the company to loan or advance money to Blagden, on an understanding or agreement that he would pay in services thereafter to be rendered.

Collusion by the company with Blagden to prevent the plaintiff from obtaining anything that the services of the writ upon the garnishee entitled him to, is, to say the least, not necessarily to be inferred from the facts set up in the answer. Such inference is, as it seems to us, in fact negatived. Blagden was not obliged, so far as appears, to continue in the employ of the company after the service of the writ, and if he did, then there was nothing to prevent the company from paying him in advance, even though the very purpose of such advance payment was to prevent the wages from being reached under the garnishment.

In Alexander v. Pollock, 72 Ala. 137, it appeared from the answer that the party whose wages it was attempted to reach had been in the service of the garnishee for some time prior to the services of the writ; that immediately after such service an arrangement was entered into that the wages should be paid each week in advance; that the employment continued, under said arrangement from the service of the writ to the making of the answer, upward of a year, and that the contract to pay in advance was made with the intention of defeating the garnishment.

The court held the contract to pay the wages in advance to be free from legal objections, rightfully made, and that "its terms and conditions can not be interfered with, interrupted or changed in any manner, through operation of garnishment proceedings." See also Phelps et al. v. The A. T. & S. F. R. R. Co., 28 Kansas, 165.

No fraud being shown, appellee could recover nothing from

the garnishee that Blagden himself could not recover in an action at law in his own name. It is clear that he could recover no judgment against the company for services rendered after the service of the writ under the facts set up in the answer, there being nothing due him for such services.

The Superior Court erred in giving judgment against the garnishee for more than $6, and the judgment must therefore be reversed and the cause remanded for such further proceedings as the parties may desire to take.

*Reversed and remanded.*