# George A. Kittredge v. Louis M. Slack, for use, etc.

1. ASSIGNMENTS—*For Use of Assignor, Void.*—If the purpose of an assignment, concurred in by both the assignor and the assignee, is to place the property assigned either wholly or in part under the after control of the assignor, the assignment is void against creditors of the assignor.

2. SAME—*Effect of, on Litigation.*—An assignment of a fund which does not change the legal title, will not prevent a suit by the assignor, but the court on the equities between the assignor and the assignee, may permit the latter to control the action.

3. GARNISHMENT—*Claims by Assignee of a Fund, How Litigated.*—It is not an obstacle to a garnishment, that an assignment which has not changed the legal title, has been made of the fund, but the assignee may set up his title by interpleader when the validity of such assignment as vesting a prior equity in the assignee will be tried.

Garnishment, and interpleader. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

L. S. HODGES, attorney for appellant.

· JAMES D. SPRINGER, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
Slack was indebted to the appellant and to Burt.

Slack was earning commissions from the Hewitt Manufacturing Company. From Pittsburgh, Pa., Slack sent to the company an assignment as follows:

                    · "PGH., PA., October 1st, 1894.
Hewitt Manufacturing Co., Chicago, Illinois.

DEAR SIR: I have assigned and conveyed to George A. Kittredge, of Chicago, all interest in commissions, etc., due me from your company during balance of this year (1894). Kindly transfer account to his name on your books and pay all commissions now due, or hereafter to become due, to him. He will probably call on you to-morrow with his authority from me for this transfer.

                    Yours truly,
                              L. M. SLACK."

Kittredge v. Slack.

At the same time Slack wrote to the appellant as follows:

" Frank E. Rutan, Architect, 111 Fourth avenue, Pittsburgh, Pa.

Pgh., Oct. 1st, 1894.

Dear———: I have written to The Hewitt Mfg. Co., conveying and assigning my account with them to you, and that you would call on them to-morrow for a check for commissions for September. This check ought to be pretty large, perhaps enough to take up entire notes, as the Illinois Central have bought 500 cars, for which we got the brasses, besides brass for eighteen engines in addition to regular business. By doing this they will give you check in your own name which will save time. If you get this through to-morrow, write me or wire Wednesday so I need not worry about it. It is possible that I will have a check from Hewitt to-morrow. If I do I will wire you and mail draft. I think I would see Chas. M. Hewitt at 925 Monadnock Building, about this first, then if he is not home see Jim Watson at the works, 21 Ontario street.

If you get enough out of this, charge my account with the 200 cigars Jack has had and send 200 more right away to the same address. Just have notice of notes.

Yours, etc.,     Lou."

Thereafter the appellant wrote to the company as follows:

" Chicago, Ill., Nov. 14, 1894.

Mr. Jas. Watson, care Hewitt Mfg. Co., City.

Dear Sir: As a personal favor, if your firm is unable to pay Mr. Slack his commissions due him two weeks ago, will you please drop me a line so that I may know when I may expect it. Last month you told in your office you would mail it to me by the sixth of each month, so I presumed you would and promised people he owes to pay them on the seventh. There is nothing in this for me but friendship, as you know, and so please let me hear from you in that line and oblige.     , Yours sincerely,

George A. Kittredge."

The company paid to the appellant, October 11, 1894, $127.19, and November 28, 1894, $252.55.

Watson, the secretary and treasurer of the company, testified that after the assignment—but whether before or after any payment thereunder, does not appear—the appellant told him, Watson, that he, appellant, "was simply transacting the matter for Mr. Slack, and there was nothing in it for him. He was simply doing it as a matter of friendship for Mr. Slack." * * * " Handling such commissions as he got from us in the payment of Mr. Slack's bills."

The assignment was sent to the company without any " previous talk " about giving an assignment, and the letter of October 1, 1894, sent by Slack to the appellant, was the " first intimation " that the appellant had of it.

The case below was a garnishment of the company by Burt, as creditor of Slack, and interpleader by the appellant, claiming under the assignment.

The amount found due from the company to Slack was $409.22, for which judgment was entered for the use of Burt. The evidence is satisfactory that Slack was at the time of the assignment, and continued to be, indebted to the appellant in a much larger amount, yet if the purpose of the assignment, concurred in by both the appellant and Slack, was, wholly or in part, to place the proceeds under the after control of Slack, it is void against creditors of Slack. Mitchell v. Sawyer, 115 Ill. 650.

Now that the letter of October 1, 1894, from Slack to the appellant, the letter of November 14, 1894, from the appellant to Watson, and the testimony of Watson—if unexplained—do warrant the conclusion of such purpose, seems apparent; and the explanation by the appellant as a witness—with no other—only makes a case of such conflict as the finding of the trial judge, sitting without a jury, is final upon.

It is urged that the assignment put the fund out of the control of Slack, and that therefore it was not subject to garnishment by his creditor; citing Chatroop v. Borgard, 40 Ill. App. 279. The distinction between that case and this,

is in the fact that there the debtor never had any cause of action against the garnishee; here the debtor had, after the assignment, a cause of action against the garnishee; but if it had been sued upon, the court—upon equities between the debtor and the assignee—would have permitted the latter to control the action—which could only be in the name of the debtor. It has never been considered an obstacle to a garnishment that an assignment—which can not change the legal title—has been made of the fund. But upon an interpleader the validity of such assignment, as vesting a prior equity in the assignee, is in question. Buxbaum v. Dunham, 51 Ill. App. 240; Gregg v. Savage, 51 Ill. App. 281; same case with names reversed, 150 Ill. 161.

The judgment is affirmed.