**C. F. Lund for use of J. E. Richards, Defendant in Error, v. The Dole Valve Company, Plaintiff in Error.**

**Gen. No. 19,073.     (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed. Opinion filed March 10, 1914.

### Statement of the Case.

Garnishment proceeding in the Municipal Court by C. F. Lund for the use of J. E. Richards in which a summons was issued and served upon The Dole Valve Company as garnishee. The garnishee, after the time for answering was extended, filed an answer setting up that there were no rights, credits, etc., in his hands belonging to the said Lund, but that at the time of the commencement of the suit there was due and owing from him to Lund, on account of wages, salary or compensation, the sum of $10.50, which was subject to a notice of assignment previously served upon him by one L. H. Bronte, which sum was paid pursuant to said notice. An order was thereupon entered making Bronte a party to the suit as adverse claimant, and he was served with notice and he appeared and filed a statement of claim, claiming the wages due by virtue of the assignment. The court found in the hands of the garnishee $169.53, of which sum it found $61 subject to the claim of Bronte and $109.53 subject to the garnishment writ. The court overruled the garnishee's objection to the finding and entered judgment. To reverse the judgment, the garnishee brings error.

ROBERT E. PENDARVIS, for plaintiff in error.

CLARK & CLARK, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*sufficiency of statement of facts.* Certification of statement of facts *held* to substantially comply with clause 6 of section 23 of the Municipal Court Act, J. & A. ¶3335, where the judge before whom the case was tried "certifies the foregoing to be a true and correct statement of the facts appearing upon the hearing in said cause, and the questions of law presented to the court during said hearing upon said facts," it not appearing that any propositions of law were submitted by either party.

2. GARNISHMENT, § 100*—*necessity of proof of judgment and an execution.* Proof of the judgment and the issue and return of an execution is a condition precedent to garnishment proceedings, and in the absence of such proof a judgment in garnishment cannot be sustained.

3. GARNISHMENT, § 100*—*proof of judgment.* In garnishment, the judgment debtor cannot waive proof of the judgment upon which the proceedings are based, for any one except himself.

4. GARNISHMENT, § 35*—*unearned salary.* Section 5 of the Garnishment Act, J. & A. ¶ 5940 does not authorize garnishment process against unearned salary, and cannot be construed to reach the salary to be earned after answer made.

5. GARNISHMENT, § 35*—*wages earned after service of writ.* Under section 14 of the Garnishment Act as amended in 1901, J. & A. ¶ 5949, the employer is not required to answer for wages earned by a "wage earner" after the service of the writ.

6. GARNISHMENT, § 100*—*when evidence as to earnings of employe after answer filed incompetent.* In garnishment, evidence as to the earnings of the judgment debtor as an employe of the garnishee after answer filed is incompetent.