## Elmer E. Wilt for use of C. J. Guderyahn, Appellee, v. The Hartman Trunk Company, Appellant.

### Gen. No. 25,043.

1. Garnishment, § 35*—*when payment of wages in advance defeats garnishment.* The payment of wages in advance to an employee is valid, and it is apparently immaterial whether such an arrangement was made for the purpose of escaping the effect of garnishee proceedings or not.

2. Garnishment, § 14*—*when plaintiff without standing in court.* In garnishment against an employer defendant, the plaintiff could have no standing in court except in a case where the employee could himself maintain an action.

3. Garnishment—*what is fatal variance between affidavit and proof.* An affidavit for garnishee process which averred a judgment against the principal defendant, while the record showed a judgment against such defendant and another, was fatally variant as to allegation and proof.

4. Appeal and error, § 543*—*when motion in arrest sufficient to preserve objection on ground of variance.* A motion in arrest of judgment in garnishment proceedings was sufficient to preserve for review the point that there was a fatal variance between the allegations and proof, where the affidavit for garnishee process averred a judgment against the principal defendant, while the record showed a judgment against such defendant and another.

Appeal from the Municipal Court of Chicago; the Hon. Hugh R. Stewart, Judge, presiding. Heard in this court at the March term, 1919. Reversed and remanded with directions. Opinion filed October 27, 1919.

Newman, Poppenhusen, Stern & Johnston, for appellant; Henry J. Brandt, of counsel.

Paden & Kropf, for appellee.

Mr. Justice Holdom delivered the opinion of the court.

C. J. Guderyahn obtained a judgment in the Munic-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ipal Court against Elmer E. Wilt and Perry Ulrich. An execution was issued on this judgment and returned *nulla bona.*

One of the defendants in this judgment, Elmer E. Wilt, was an employee of the defendant, The Hartman Trunk Company. This garnishee proceeding was commenced against Wilt's employer, the affidavit for the garnishee summons setting forth that the judgment was rendered against E. W. Wilt. There was a conditional judgment against defendant by default and a *scire facias* issued to make it final, to which defendant answered, *inter alia,* that Wilt was then in the employ of defendant and since the 29th of January, 1918, had been so employed as a salesman in its Chicago store; that since the date of his employment defendant had paid Wilt $50 a week for his services; that such employment was at the will of his employer; that on September 6, 1918, Wilt applied to defendant for payment of his wages in advance, to which request defendant acceded, and ever since has paid said Wilt his $50 a week in advance; that neither at the time of the serving of the garnishee writ nor of the *scire facias* nor the filing of the answer was defendant indebted in any sum to the said Wilt. Guderyahn traversed the answer by averring that defendant had not made true discovery of the property, etc., of said Wilt in its hands. Without further proof than the judgment against Wilt and Ulrich and the proceedings had thereunder, the trial judge entered judgment against defendant as garnishee for $350, and defendant appeals.

It is clear from this record that defendant was at no time indebted to Wilt, its employee. As his wages were paid in advance, there was never anything due him at the several times when he was paid $50. This manner of dealing between employer and employee is sanctioned by the law of this State. The method of paying an employee in advance has been held to

be valid in *Chicago & E. I. R. Co. v. Blagden,* 33 Ill. App. 254, and there it was in effect decided that it was immaterial whether such an arrangement was made for the purpose of escaping the effect of garnishee proceedings or not. *Davis v. Siegel, Cooper & Co.,* 80 Ill. App. 278.

Wilt's creditor was, for the purpose of the garnishee proceeding, simply subrogated to whatever rights Wilt might have had against his employer, the defendant. Guderyahn could have no standing in court except in a case where Wilt could himself maintain an action.

As the defendant was not indebted to Wilt at any stage of these garnishee proceedings, it is beyond dispute that he could not have maintained an action against his employer, as there was not only nothing due him, but he was at the several times when payment was made to him indebted to defendant in the amount paid until the expiration of the ensuing week of service. Furthermore, the *allegata* and *probata* were out of harmony. The affidavit for garnishee process averred a judgment against Wilt, while the record showed a judgment against Wilt and one Ulrich. This was a fatal variance and the motion in arrest of judgment was sufficient to preserve the point for review. The record shows that the trial was in a measure informal and the judgment of the court resulted from the court disregarding the defense set up in the answer, which answer presented a complete defense in the absence of countervailing proof. As held in *Cairo & St. L. R. Co. v. Killenberg,* 82 Ill. 295, the answer of a garnishee must be considered as true until it is contradicted or disproved. If judgment is demanded upon the answer, it must clearly appear therefrom that the garnishee is chargeable, or he will be discharged.

The judgment of the Municipal Court is reversed and the cause is remanded to that court with direc-

tions to enter a judgment discharging def ˜nt as garnishee.

*Reversed and remanded with directions.*