Oliver F. Paisley for use of James H. Hooper, Appellee, v. The Park Fireproof Storage Company, Appellant.

## Gen. No. 26,512.

1. GARNISHMENT—*right of garnishee to adjust account with debtor.* By virtue of section 13 of the Garnishment Statute (Cahill's Ill. St. ch. 62, ¶ 13), a garnishee has the right, upon service of garnishment process, to adjust an account between himself and the judgment debtor and apply the amount due to such debtor upon the account.

2. GARNISHMENT—*effect of payment to debtor by garnishee.* Where, upon service of garnishment process upon a garnishee who also is a creditor of the judgment debtor, the garnishee does not apply the amount due such debtor upon his own account but pays salary to such judgment debtor thereafter, he admits an indebtedness to that amount and is liable therefor.

3. GARNISHMENT—*when estimator not exempt as wage earner.* One employed as an estimator whose duty is to ascertain prices for moving and storage, which constitutes the sole business of the employer, is not a wage earner within section 14 of the Garnishment Act (Cahill's Ill. St. ch. 62, ¶ 14).

Appeal from the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed October 4, 1921.

Paisley v. The Park Fireproof Storage Co., 222 Ill. App. 96.

SEYMOUR EDGERTON, for appellant; WILLIAM SHERMAN CARSON, of counsel.

JAMES H. HOOPER, *pro se.*

MR. JUSTICE MORRILL delivered the opinion of the court.

Judgment was recovered on January 8, 1920, by James H. Hooper against Oliver F. Paisley for the sum of $153.44 and costs of suit. Execution was issued on this judgment, demand made upon the judgment debtor and a return of the execution unsatisfied. A wage demand was served upon the judgment debtor and his employer on May 5, 1920. Garnishment proceedings were instituted against the appellant on May 8, 1920. The garnishee appeared and filed an answer setting forth that the judgment debtor was a wage earner and head of a family, living with the same, and that at the time of the service of the wage demand and the garnishment summons it was not indebted to said judgment debtor in any sum whatever and did not then or since have any credits or property belonging to said judgment debtor in its possession. Leave was given to contest the answer of the garnishee. After a hearing before the court there was a finding that the garnishee was indebted to the judgment debtor in the sum of $82 and judgment was entered for that amount against the garnishee. This appeal is prosecuted to reverse said judgment.

It is urged by appellant that the court erred in holding that the garnishee was indebted to the judgment debtor and in holding that the judgment debtor was not a wage earner entitled to an exemption as such, and that no proof had been presented to show wages or indebtedness due to the judgment debtor from the garnishee either at the time of service of the wage demand or the garnishment writ. There is no dispute as to the original judgment in favor of Hooper against Paisley and the proceedings thereunder.

The treasurer of the appellant testified that Paisley was in the employ of the garnishee at a salary or wages of $41 per week; that he occupied a clerical position as an estimator, who goes out and makes estimates on the cost of moving or storage, and the rest of the time he was a clerk in the office, who occasionally sells materials over the counter for crating and packing. When necessary he helps in handling and disposing of goods on the floor, but such activity is seldom and out of the ordinary. The witness also testified that at the time of the service of the garnishment summons and the wage demand Paisley was indebted to the company upon a demand note of $300, dated February 21, 1920, which was given for money advanced, and that the company was the holder and owner of the note, and the whole amount thereof, with accrued interest, was due at the time the garnishment summons was served. The evidence also shows that the garnishee paid its employee, the judgment debtor, $41 on May 11, 1920, and $41 on May 18, 1920, both payments being after the service of the garnishee summons.

Appellant relies upon section 13 of the Garnishment Statute (Cahill's Ill. St. ch. 62, ¶ 13), which provides, in substance, that the garnishee shall be allowed to retain or deduct from the property, effects or credits in his hands, all demands against the plaintiff and all demands against the defendant of which he could have availed himself if he had not been summoned as garnishee, whether the same are at the time due or not, and shall be liable for the balance only after all mutual demands between the garnishee and plaintiff and defendant are adjusted, and also upon section 24 of the same statute (Cahill's Ill. St. ch. 62, ¶ 24), by which equitable powers are conferred upon the court in a garnishment proceeding. *Elzy v. Morrison,* 180 Ill. App. 711. We are of the opinion that upon service of garnishment process the garnishee had

the right to adjust the account between itself and the judgment debtor and apply the amount due Paisley for salary on his note for $300, in conformity with these provisions of the statute. *Obergfell v. Booth,* 218 Ill. App. 492. The garnishee did not see fit to do so, but after service of garnishment process paid Paisley $82, and in so doing admitted an indebtedness to that amount. *Wilcus v. Kling,* 87 Ill. 107.

It remains only to consider whether or not the judgment debtor was a wage earner and under the provisions of section 14 of the Garnishment Act (Cahill's Ill. St. ch. 62, ¶ 14) entitled to an exemption to the amount of $15 per week. If the money due to an employee has been earned by him as wages in an occupation requiring physical labor, then such employee is a wage earner within the meaning of the statute and entitled to the exemption. Whether or not an employee is a wage earner depends upon the nature and character of his work. *Sheehan v. Union Stock Yards & Transit Co.,* 172 Ill. App. 528. The term "wages" as employed in another act has been held by the Supreme Court in *Massie v. Cessna,* 239 Ill. 352, as being restricted to sums paid as hire to domestic or menial servants and to artisans, mechanics, laborers and others employed in various manual occupations, while the term "salary" is held to mean the compensation of clerks, bookkeepers and other offices of a like character. It does not appear from the evidence in this case that the duties of the employee involved manual labor. He is described as an estimator, whose duty it was to ascertain the prices for moving and storage, which constituted the sole business of his employer. He determined the price upon which his employer acted in the transaction of the only business which was the object of its corporate existence. Upon the proper performance of these duties depended the vital question of whether the employer transacted business at a loss or at a profit. We therefore conclude that

the judgment debtor in this case cannot be regarded as a wage earner within the meaning of section 14 of the Garnishment Act. *Dickinson v. Rahn*, 98 Ill. App. 247. Similar views have been expressed in the case of *Mid-West Collection Bureau v. Dietrich, ante,* p. 43, recently decided in this court.

The judgment of the municipal court is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.