Thomas J. Hudson, for use of Albert Topp, Jr., Henry Topp and Konrad Topp, partners, Plaintiffs in Error, v. Hudson Motor Company of Illinois, Defendant in Error.

## Gen. No. 30,012.

GARNISHMENT—*garnishee paying employee after service of process liable.* Under Cahill's St. 1925, ch. 62, ¶ 13, garnishee on service of garnishment process could deduct indebtedness of employee to it and escape liability, but could not between the date of service of process and date of answer pay the employee his full salary and escape liability on the ground that the employee was indebted to it in an amount in excess of the salary paid.

Error by plaintiffs to the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1925. Reversed and judgment here. Opinion filed October 28, 1925.

B. M. SHAFFNER, for plaintiffs in error.

LITTLE, GORDON, ADAMS & KING, for defendant in error; GEORGE W. GORDON and WILLIAM H. KING, JR., of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

Albert, Henry and Konrad Topp, having recovered judgment in the circuit court for $622.30 and costs against Thomas J. Hudson, and an execution thereon having been returned, no property found, an affidavit for a garnishee summons was filed in the name of Thomas J. Hudson, for the use of Albert, Henry and Konrad Topp, which charged that the Hudson Motor Company, the garnishee, was indebted to the defendant. A garnishee summons was served on the garnishee on April 20, 1922. On May 15, 1922, the garnishee entered its appearance, and on May 16, 1922, filed its answer.

The answer set up that on April 20, 1922, it had no money, rights, credits or effects owed or due to Hud-

son; that on that date it was not indebted to him, nor did it have in its possession any property or rights belonging to him; that it did not have in its possession any credits due and owing to him at the date of the service of the writ or at any time since, or which might become due, except as stated in its answer to the 5th interrogatory. That answer is as follows: "On the first day of May, 1922, there became due and payable from this garnishee to said Thomas J. Hudson, Jr., the sum of $208.33 for salary for the half month ending on said date, and on May 15, 1922, there became due from this garnishee to said Thomas J. Hudson, Jr., the further sum of $208.33 as salary for the half month ending on said date. Said Thomas J. Hudson, Jr., was at the time of the service of said writ and prior thereto indebted to this garnishee in the sum of $859.98 for moneys advanced by this garnishee to said Thomas J. Hudson, Jr., and this garnishee claims that the said moneys which became due from it to said Thomas J. Hudson, Jr., on said first and fifteenth days of May, 1922, as aforesaid, should be applied upon said indebtedness of Thomas J. Hudson, Jr., to this garnishee. This garnishee further answering says that on the first day of May, 1922, it paid or advanced to said Thomas J. Hudson, Jr., the sum of $208.33."

The answer further stated that Hudson was still employed by the garnishee upon a "salary payable semimonthly." On February 27, 1924, a traverse was filed.

On March 17, 1924, pursuant to leave obtained, the garnishee amended its answer by adding the following allegation: "That at the time of this said answer, said garnishee defendant has no money, rights, credits or effects owed or due to the said Thomas J. Hudson, Jr."

On March 24, 1924, there was a trial before the court without a jury, and a finding and judgment in favor of the garnishee. This writ of error is prosecuted to reverse that judgment.

The evidence consists of the testimony of one Ferguson, accounting manager for the garnishee, and two exhibits, being copies of entries in the books of the garnishee. It shows that Hudson, the judgment debtor, was retail sales manager of the garnishee and had been, at least, since November 1, 1921, and that his salary from April 1, 1922, was $416.66 a month and was paid to him in sums of $208.33 on the first and fifteenth of each month. One of the exhibits showed, between November 1, 1921, and April 29, 1922, eight items of debit and five items of credit, and a balance due from Hudson to the garnishee of $859.98.

The other exhibits showed that between April 1, 1922, and February 28, 1923, the garnishee had paid Hudson his salary of $208.33 each fifteen days from April 1 to May 31, 1922, at the rate of $208.33, and had paid Hudson his salary at an increased rate of $250, each fifteen days from June 1, 1922 to December 31, 1922, and from January 1, 1923 to February 28, 1923, at $312.50.

The argument of the garnishee is that while the payments of salary were made, or paid, or advanced to Hudson, he all the time was and remained its debtor, and that when each payment was made to him, he still was a debtor of the garnishee, and so at no time was there anything due from it to the judgment debtor.

The record, however, does not seem to support that contention. The memorandum, which was furnished at the trial by the garnishee, and which Ferguson, the accounting manager, said was correct, is entitled, "Salary paid to T. J. Hudson, Jr., for a period 4/1/1922 to 2/28/1923," and then itemizes 22 semi-monthly payments of salary to Hudson within that time. It is true that Ferguson tries to have it understood that each of those payments was an advancement and not an out and out payment. But his own books confute him. Ferguson said, "He was advanced the money on his salary; he was not paid any money on the 15th of April." That, however, is evidently but subterfuge. In answer to

the question on what days were wages or salary paid, he answered, "On the 1st and 15th of the month," and when asked, "and in April, 1922—he was paid at the end of every two weeks," he answered, "Yes, sir." Neither the memoranda from the garnishee's books nor the testimony of the accounting manager justify any other reasonable deduction than that, notwithstanding, Hudson may have remained on the books of the garnishee a debtor in the sum of $859.98, the garnishee continued regularly, from April 15, 1922, to February 28, 1923, to pay him every two weeks the amount of his salary, qua salary, as salary already earned, and not as an advancement, and that between April 15, 1922, and February 28, 1923, the garnishee paid Hudson, the judgment debtor, $5,583.32 as salary. Under the law, that it could not do, without being subject to the obligation created by the Garnishment Act.

Under section 13, ch. 62, of the Garnishment Act (Cahill's St. 1925, ch. 62, ¶ 13), the garnishee had the right, upon service of garnishment process, to deduct from Hudson's salary, as it was or came due, what he owed, but it could not refrain from adjusting the account and go on paying his salary for years, and so, simply by so doing, evade and avoid its statutory obligation. *Paisley v. Park Fireproof Storage Co.*, 222 Ill. App. 96.

In support of its contention, the defendant cites the following cases: *Chicago & E. I. R. Co. v. Blagden*, 33 Ill. App. 254; *Hoffman v. Fitzwilliam & Sons*, 81 Ill. 521; *Holmberg v. General Electric Co.*, 211 Ill. App. 301, and *Wilt v. Hartman Trunk Co.*, 215 Ill. App. 182.

In the *Blagden* case, no evidence was produced, and the answer denied the indebtedness, and the court there said, that where judgment is demanded upon the answer, it must clearly appear therefrom that the garnishee is chargeable or he will be discharged. It is true that in that case the court goes on to intimate that the employer might legally loan or advance the money to its employee, the judgment debtor, or have

an understanding or agreement that he would pay in services thereafter to be rendered, and so escape the application of the Garnishment Act. In the instant case, however, it is our judgment that the evidence does not show that the garnishee loaned or advanced money thus, but that it does show that the garnishee simply paid Hudson his salary semi-monthly after it was earned.

In the *Hoffman* case, it was held that as the judgment debtor's wages were less than the sum exempt by the statute and were earned subsequent to the garnishment, the garnishee was justified in paying them and was not liable to the creditors.

In the *General Electric Co.* case, there was an agreement that the judgment debtor's salary was to be paid semi-monthly in advance, and the court, undertaking to apply the reasoning in the *Blagden* case, decided in favor of the garnishee.

In the *Hartman Trunk Co.* case, the evidence showed that there was an agreement between the garnishee and the judgment debtor that the wages of the latter should be paid in advance, and so the court held that the garnishee was immune, citing the *Blagden* case. It would seem, therefore, that none of the cases cited is in point here. In our judgment, the evidence shows that Hudson was paid his salary after it was earned.

In *Paisley v. Park Fireproof Storage Co.*, 222 Ill. App. 96, the judgment debtor Paisley, at the time of the service of the garnishment summons, was indebted to the garnishee upon a demand note, which was already due, and the evidence showed that the garnishee had paid Paisley, the judgment debtor, $41 on May 11, 1920, and $41 on May 18, 1920, both payments being after the service of the garnishee summons. In the opinion in that case the court said: "We are of the opinion that upon service of garnishment process the garnishee had the right to adjust the account between itself and the judgment debtor and apply the amount due Paisley for salary on his note of $300, in conform-

ity with the provision of the statute.  *  *  *  The garnishee, however, did not see fit to do so, but after service of garnishment process paid Paisley $82, and in so doing admitted an indebtedness to that amount. *Wilcus v. Kling*, 87 Ill. 107."

It follows, therefore, in our judgment, that as the garnishee paid after April 20, 1922, the date of the service of the writ and prior to the date of the answer, the sum of $416.33, the plaintiff is entitled to judgment against the garnishee in that amount. *Pressed Steel Equipment Co. v. Thornburgh Pressteel Co.*, 228 Ill. App. 1; *Hanover Fire Ins. Co. v. Connor*, 20 Ill. App. 297; *First Nat. Bank of Knightstown v. Hosier*, 234 Ill. App. 605. As to the item of $88.91, credited to Hudson as of April 29, 1922, on the books of the garnishee, the evidence fails sufficiently to show what it was for or in any way its history.

The judgment will be reversed and judgment entered here in favor of the plaintiff and against the defendant, Hudson Motor Company of Illinois, in the sum of $416.33.

*Reversed and judgment here.*

THOMSON, P. J., and O'CONNOR, J., concur.