Joseph A. Campagna, also known as Joseph A. Companion, for Use of Chas. Kolarik and Anna Kolarik, Appellant, v. Automatic Electric Company, Appellee.

Gen. No. 39,783.

438

Opin-
ion filed January 31, 1938.   Rehearing denied February 14, 1938.

WALTER HAMILTON, of Chicago, for appellant.

R. W. HAMILL, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The judgment creditors in an action of garnishment appeal from an order discharging the garnishee.   The undisputed evidence showed that the judgment debtor was the head of a family, residing with the same.   The demand in garnishment was served on the debtor and also on the garnishee on March 29, 1937.   The summons in garnishment issued March 31 and was served on the garnishee at 10:30 a. m., April 1.   April 8 the garnishee answered that it had no funds or property of the debtor employee.   The answer said: "This defendant (garnishee) further states that said defendant, Joseph A. Companion, is employed by this garnishee and is, being paid his salary semi-monthly in advance; that the reason for so paying said defendant in advance is because the garnishee believes the plaintiffs are using the garnishee proceedings in this case unfairly and unjustly in order to harass the defendant, Joseph A. Companion, into giving a quit claim deed to the plaintiffs on a two-flat building owned by the defendant and others, and thus deprive the defendant

of his right of redemption under any foreclosure plaintiffs may bring.''

The answer was contested but the garnishee was discharged as stated. The judgment creditors called the attorney for the garnishee as a witness. He testified to a conference with the attorney for the judgment creditors prior to the beginning of the proceedings, at which the attorney for the judgment creditors said they would release the judgment against the debtor if he and his wife would quitclaim a certain building on which the creditors held a mortgage, which was in default. Witness suggested that the premises were worth more than the mortgage, and that the creditors should foreclose, giving the debtor his opportunity to redeem. He protested the use of garnishment proceedings to compel the execution of a deed. The assistant treasurer of the garnishee was also called as a witness by the judgment creditors. He testified that the debtor was employed by the corporation as a checker, and that he received $170 to $175 a month; that it had been usual to pay him on the 5th and 20th of each month; however, on March 12, 1937, the debtor asked if he could have his check in advance. The witness consulted their attorney, who told him that if he wished he could legally make the payment; accordingly, on March 12 the garnishee paid the debtor in advance his salary for services to be performed by him from March 15 to April 1, 1937, and on April 1, again in advance, paid him for services to be rendered up to April 15, 1937. It will be noted that the writ of garnishment was served on April 1st.

The question raised is whether under the Garnishment Act, Ill. Rev. Stat. 1937, ch. 62, § 1 *et seq.;* Jones Ill. Stats. Ann. 109.284 *et seq.,* an employer may without liability advance the wages or salary for services to be thereafter performed to such employee. Plaintiffs say the employer may not rightfully do so where

it is the intention of the employer and employee to prevent the seizure of such wages or salary by the garnishment process. They say the courts have power to disregard assignments and transfers whereby the parties intend to prevent a judgment creditor from satisfying his judgment; that such assignments and transfers are void as collusive and fraudulent against the creditors. They cite *Grassly v. Reinback,* 4 Ill. App. 341; *Kittredge v. Slack,* 67 Ill. App. 128; *Mayr v. Hodge & Horner Co.,* 78 Ill. App. 556, and *Patton v. Gates,* 67 Ill. 164. They also argue that the facts above recited show it was the intent and purpose of both the garnishee and the judgment debtor, by the payment of the salary by way of advancement, to prevent plaintiffs from satisfying the judgment from the earnings of the judgment debtor; that this amounted to fraud and collusion which will not be allowed to defeat a recovery in garnishment. In support they cite *Chicago & E. I. R. Co. v. Blagden,* 33 Ill. App. 254, and a number of cases from other jurisdictions, such as *Barnes v. Walthke & Co.,* 116 S. W. 7 (Mo. App. 1909); *Kruckemeyer Co. v. Burckhauser,* 4 Ohio App. 369, and *Dinkins v. Cruden-Martin Woodenware Co.,* 91 Mo. App. 209. As the proceeding by way of garnishment is purely statutory, cases decided by the courts of other States under statutes materially different are of little aid in the construction of our own statute. The Illinois cases above cited with the exception of the *Blagden* case are distinguishable upon the facts, the question in those cases being whether alleged assignments made prior to the service of the garnishment writ were effective as against it. As already said, the garnishment proceeding in this State is purely statutory, and it is an action at law, not in equity. *Capes v. Burgess,* 135 Ill. 61; *First Nat. Bank v. Hahnemann Institutions,* 356 Ill. 366. The garnishment statutes are found in Ill. Rev. Stat. 1937, ch. 62,

§ 1 *et seq.*, pp. 1728–1734; Jones Ill. Stats. Ann. 109.284 *et seq.* Section 1 of the act describes the property which may be reached by the process, and construing this section of the act in *Capes v. Burgess,* 135 Ill. 61, the Supreme Court said: ''This provision clearly indicates an intention to subject to the process of garnishment two classes of assets and two only, viz., 1. debts owing from the garnishee to the judgment debtor, and, 2. effects or estate of the judgment debtor in possession, custody or charge of the garnishee.''

Construing the 5th section of the act the court said it had been claimed that the provision thereof requiring the garnishee to answer as to ''debts due and to become due'' extended the scope of the act so that not only debts which were due but also debts to become due from the garnishee to the defendant could be reached, and that this would include every species of liability from the garnishee to the debtor. The court said this was not so. ''It would thus seem that the language of sections 5 and 7, when properly considered, must be held to limit the claims against a garnishee capable of being reached by this proceeding, to indebtedness the amount of which is liquidated, and does not apply to liabilities for unliquidated damages.''

The opinion stated that any doubt of this construction was removed by a consideration of sections 19 and 21, where the judgment to be rendered against the garnishee was described in terms which indicated the nature of the liability for which the judgment might be rendered was a debt. The court said: ''The test applied by many of the courts to a liability which may be made the subject of garnishment is, that it must be 'a legal debt due or to become due — a debt for which the defendant might maintain an action of debt or *indebi-*

*tatus assumpsit.'* Drake on Attachment, sec. 545, and authorities cited.''

In conformity with this view in the recent case of *Drysch v. Prudential Ins. Co.,* 287 Ill. App. 68, and following our decision in *Larson v. McCormack,* 286 Ill. App. 206, this court held in substance that generally a judgment creditor could recover by garnishment only such indebtedness as his debtor might recover in an action against the garnishee. Manifestly, unearned wages or salary are not such a credit as is contemplated by the statute, as the payment of such wages or salary as may become due rests wholly upon contingencies of many kinds. The employer may never be obligated to pay unless the employee performs his part of the contract through the rendition of services. Illness may render the employee incapable of performing such service or the employee may for any reason, however capricious on his own part, refuse to perform the services; and manifestly a State which refuses to recognize peonage as lawful may not interfere with the freedom of the employee in this respect. If the employer sees fit to pay for services before they are rendered, he takes the risk of never receiving the consideration for which the payment is made, but manifestly, at the time he makes the advancement he owes nothing which can be collected by process of law by the employee. He owes no debt; he owes no obligation; and the debtor may not appropriate that which in fact does not exist. As already said, the plaintiffs cite *Chicago & E. I. R. Co. v. Blagden,* 33 Ill. App. 254, but the case is against rather than for their contention. That was an appeal from the superior court from a judgment entered against the garnishee for $103 upon appeal from a justice of the peace. The answer of the garnishee showed that only $6 was due at the time of

the service of the writ. In response to interrogatories filed the garnishee answered that Blagden, the wage earner, was in its employ from the date of the service of the writ until February 13, 1888, and that during all that time his salary was at the rate of $60 a month; that the salary was for each month due and payable after the first day of the following month; that on the date of the service of the writ, which was the 18th day of June, 1886, the garnishee advanced to Blagden $24; that on the first day of July the garnishee advanced to him $30, and that thereafter, on or before the 15th and likewise on or before the first day of each and every month, up to and including the first day of February, 1888, the garnishee advanced to the debtor a like sum of $30, and that there was not any time between June 18, 1886, and the date of the answer, October 19, 1888, that any sum of money was due or owing from the garnishee to Blagden. No evidence was given at the trial and the court entered judgment against the garnishee, which on appeal was reversed. Judge Moran, writing the opinion of the court, said:

"Collusion by the company with Blagden to prevent the plaintiff from obtaining anything that the services of the writ upon the garnishee entitled him to, is, to say the least, not necessarily to be inferred from the facts set up in the answer. Such inference is, as it seems to us, in fact negatived. Blagden was not obliged, so far as appears, to continue in the employ of the company after the service of the writ, and if he did, then there was nothing to prevent the company from paying him in advance, even though the very purpose of such advance payment was to prevent the wages from being reached under the garnishment. . . .

"No fraud being shown, appellee could recover nothing from the garnishee that Blagden himself could not recover in an action at law in his own name."

That case, as it seems to us, so far from sustaining the position of the creditors is against them.

In the case of *Davis v. Siegel, Cooper & Co.*, 80 Ill. App. 278, it appeared that the garnishee was served with process August 7, 1897, and in reply to interrogatories stated in substance that at the date of the service of the writ Davis was and still remained in its employ. The salary was $20 a week, payable after the first day of the week next after being earned; on August 6, 1897, it advanced to Davis $20; thereafter and up to the time of answering it had advanced him on the first day of each following week a like amount, with the understanding that he would pay in services thereafter to be rendered, and that Davis was the head of a family and resided with his family. The court held that the garnishee was not liable and the creditors appealed. It was contended that the payment to Davis of his wages in advance of his earning them was fraudulent as to plaintiff and collusively evasive of the statute, and that section 14 of the Garnishment Act, Ill. Rev. Stat. 1937, ch. 62, § 14; Jones Ill. Stats. Ann. 109.297, as amended by an act in force July 1, 1897, in effect authorized the garnishment of wages earned after the service of the writ. The court, after analyzing this section, said: ''Clearly, a debtor cannot comply with a demand to turn over to the judgment creditor wages which the former has never earned and may never earn. He cannot turn over that which is nonexistent, and if, by a proper construction of the section, the demand should be made on the garnishee, it is plain that the latter could not be required to turn over unearned wages.

''We are therefore of opinion that the statute does not contemplate the garnishment of unearned wages. . . .

''The answer of the garnishee is, as before stated, that August 6, 1897, the garnishee advanced Davis a

week's salary, also that on the first day of every week thereafter, up to the time of filing its amended answer, it had advanced him a week's salary; that during said time it owed him nothing, and that at the date of the service of the writ, it was not in any way indebted to him. Plaintiff relied solely on the garnishee's answer in respect to its indebtedness to Davis. There having been nothing due to Davis at the date of service of the writ, and holding, as we do, that the statute has no application to unearned wages, this is conclusive as against plaintiff's claim.'' The judgment was affirmed.

In *Lund v. Dole Valve Co.*, 185 Ill. App. 350, the question was considered so thoroughly settled that the opinion of the court is only abstracted to this effect: ''Section 5 of the Garnishment Act, J. & A. ¶ 5940, does not authorize garnishment process against unearned salary, and cannot be construed to reach the salary to be earned after answer made.''

In *Holmberg v. General Electric Co.*, 211 Ill. App. 301, the question again arose and was evidently considered so thoroughly settled that the opinion is only abstracted as follows: ''Payment of wages in advance by an employer after the service of a garnishment writ does not render him liable in the garnishment proceedings.''

In *Wilt v. Hartman Trunk Co.*, 215 Ill. App. 182, the question was, however, raised again upon appeal to this court from a judgment of the municipal court of Chicago. In that case the answer of the garnishee in the municipal court was that Wilt, the judgment debtor, was in the employ of defendant since January 29, 1918; that since the date of his employment the defendant had paid him $50 a week for his services; that this employment was at the will of his employer;

that on September 6, 1918, Wilt applied to defendant for payment of his wages in advance, to which request defendant acceded and ever since had so paid him; that neither at the time of the serving of the garnishee writ nor the filing of the answer was defendant indebted in any sum to Wilt. The answer was contested and without taking any evidence the trial judge entered judgment against defendant garnishee for $350. The opinion of this court reversing the judgment, says:

"It is clear from this record that defendant was at no time indebted to Wilt, its employee. As his wages were paid in advance, there was never anything due him at the several times when he was paid $50. This manner of dealing between employer and employee is sanctioned by the law of this State. The method of paying an employee in advance has been held to be valid in *Chicago & E. I. R. Co. v. Blagden*, 33 Ill. App. 254, and there it was in effect decided that it was immaterial whether such an arrangement was made for the purpose of escaping the effect of garnishee proceedings or not. *Davis v. Siegel, Cooper & Co.*, 80 Ill. App. 278."

In *Mutual Service Corp. v. Hugren*, 225 Ill. App. 216, the question again came before this court upon appeal from the municipal court of Chicago. In that case the garnishee answered that at the time of the service of the writ Hugren, the employee and debtor, was in the employ of the garnishee on a salary. At the time of the service of the writ he was a wage earner, and the garnishee was not indebted to him. The plaintiff moved to strike the answer for insufficiency because it did not appear that Hugren was the head of a family and residing with the same. Secondly, that the answer failed to disclose the rents, tenements, goods,

chattels, moneys, choses in action, credits and effects of Hugren and the value thereof, or from them due and owing to the defendant at the time of the service of the writ or at any time thereafter, or which should or might thereafter become due up to the time of answer. The motion was denied, and an order entered discharging the garnishee. It was contended upon appeal that the answer was insufficient in respects stated and in particular because it did not answer as to moneys owing and due after the date of the service of process and up to the date of the answer. The opinion of the court held that the creditors had waived merely technical objections; that the principal question argued involved a consideration of section 14 of the Garnishment Act, which in one form or another had been a part of the garnishment law of the State since 1861. (Laws of 1861, p. 178, section 2.) After citing the language of the Supreme Court in *Bliss v. Smith*, 78 Ill. 359, and of this court in *Davis v. Siegel, Cooper & Co.*, 80 Ill. App. 278, we said: "Such was the law at the time section 14 was revised and amended in 1901. It is impossible to believe that if the legislature had intended to make a radical change in this law, it would have employed equivocal language to do so. Taking into consideration the language of the section, the context, the purpose of the enactment and its history, we conclude that this clause of the section must be construed to mean just what it says — that no employer served with a garnishment writ shall *in any case* be liable to answer for any amount not earned by the wage earner at the time of the service of the writ. That is the reasonable construction; not only is it reasonable, but just, and public policy as well constrains us to so hold. Future wages may or may not be earned. It is not reasonable to suppose that the law would direct that to be seized which does not in fact exist. Debts ought in justice to be paid, but the creditor ought not

to be permitted to seize the means whereby the laborer lives while earning that wherewith to pay, and the State is vitally interested that such injustice should not be permitted.'' The judgment was affirmed.

In *First Nat. Bank of Knightstown v. Hosier,* 234 Ill. App. 605, the garnishee appealed from a judgment entered against it in the municipal court of Chicago in the sum of $133.45. The garnishment writ was served upon the garnishee April 26, 1923, and May 21, 1923, the garnishee answered that it had no goods or chattels nor credits, etc., but that on the contrary on that date Hosier, the debtor, was indebted to it in the sum of $324 on certain promissory notes. No witnesses were heard, but counsel for the garnishee stated upon the hearing that Hosier was in the employ of the garnishee at a salary of $55 a week; after hearing the arguments of counsel the court found the issues in favor of the plaintiff and entered the judgment appealed from. The court said that no effort had been made by the plaintiff to overcome the statement made in the sworn answer to the effect that the garnishee owed Hosier nothing at the time of the service of the writ, and the court having nothing further before it except the statement of counsel for garnishee to the effect that Hosier was in the employ of the garnishee at a salary of $55 a week, reached the amount of the finding in judgment by computing Hosier's salary accruing after the service of the writ and possibly deducting certain amounts as exemptions; that it was argued by counsel for the plaintiff that the garnishee was liable for the salary accrued to Hosier at the time of the service of the writ, ''and for salary accruing after that time up to the filing of the answer by the garnishee,'' citing *Hanover Fire Ins. Co. v. Connor,* 20 Ill. App. 297, and *Howard Co. v. Miller,* 123 Ill. App. 483. The court said that the cases cited did not involve the question of the exemption of a wage earner

as was true of later cases cited. It had been decided after the legislature amended section 14 of the Garnishment Act that that section not only covered the question of exemption to which the wage earner was entitled, but also provided that, "No employer so served with garnishment shall in any case be liable to answer for any amount not earned by the wage earner at the time of the service of the writ of garnishment." The court then pointed out that in *Fuller v. Bridgeport Wood Finishing Co.*, 203 Ill. App. 227, it was held that under this section the garnishee was not required to answer for wages earned by a wage earner after the service of a writ of garnishment, citing *Lund v. Dole Valve Co.*, 185 Ill. App. 350, which case did not involve any question of the exemption of the wage earner. The court concluded:

"We are of the opinion that wherever a judgment creditor seeks to subject to his judgment an indebtedness owing from a garnishee to a judgment debtor, he may by appropriate garnishment process accomplish that object as to any debt so becoming due from the garnishee to the judgment debtor, at any time up to the filing of the answer but not thereafter. But if he seeks to subject to his judgment any amount due from the garnishee to the judgment debtor as salary or wages, the judgment debtor being a wage earner, he may not secure anything but such wages or salary as may be shown to have been due and owing from the garnishee to the judgment debtor *at the time of the service of the garnishment writ, irrespective of whether the situation involves a question of exemptions or not.* Section 14 of the Garnishment Act, as amended in 1901, distinctly says that, 'No employer so served with garnishment shall in any case be liable to answer for any amount not earned by the wage earner at the time of the service of the writ of gar-

nishment.' Section 2 of the Act of May 11, 1901, by which the legislature adopted this amendment to the Garnishment Act, provides that 'all acts or parts of acts in conflict herewith are hereby repealed.' Laws of Illinois, 1901, p. 215. . . .'' The judgment was reversed.

Plaintiffs cite a number of cases: *Wilcus v. Kling,* 87 Ill. 107; *Paisley v. Park Fireproof Storage Co.,* 222 Ill. App. 96; *Hudson v. Hudson Motor Co. of Illinois,* 238 Ill. App. 391; *Harris v. Montag,* 247 Ill. App. 89, and *Baird v. Luce-Stevenson Co.,* 262 Ill. App. 547. We have given careful consideration to each of these cases and without attempting to discuss them in detail we think no one of the cases is applicable. Practically all of them rely upon *Wilcus v. Kling, supra.* In that case there was no question of wages or salary and there was no question of payment in advance. It was there claimed that the garnishee was indebted under his contract to pay for the building of a house which had been completed months before the writ of garnishment was served. The evidence showed that several thousand dollars were paid to the debtor pending the proceedings. The court said the question was whether Kling could "maintain an action of debt or *assumpsit* against these appellants on this contract''; that the garnishees had admitted there was money due from them by making payments on orders drawn on them by Kling subsequent to the service of the writ of garnishment and which orders were for materials and labor on these buildings ''appropriated before the service of the writ.'' From all the evidence the court concluded that the garnishee was liable. The case arose in 1874 and was decided at the September term, 1877, before the jurisdiction of the Supreme Court was limited to the consideration of questions of law. The case by no means holds that the mere fact that a

payment is made after the service of the garnishment writ irrespective of other circumstances renders the garnishee liable.

In the *Paisley* case it was held (and that was the principal issue in the case) that the debtor, who worked as an estimator ascertaining prices to be charged for moving and storage, was not a wage earner within the meaning of section 14 of the Garnishment Act. The opinion did say, citing the *Wilcus* case, that the garnishee by paying $82 after the service of the writ, "admitted an indebtedness to that." As we have already seen, the *Wilcus* case did not justify a holding of liability on that ground alone.

In the *Hudson* case the court held as a matter of fact that the debtor was paid his salary, "as salary already earned *and not as an advancement*," and the garnishee was therefore liable. The inference is that if the payment to the debtor had been made by way of advancement the credit would not have been subject to the garnishment writ. Here, too, the opinion cites the *Wilcus* case, which we have already considered.

In *Harris v. Montag* the sole question considered was whether under section 14 of the Garnishment Act a garnishee was required to answer for wages which became due after the service of the writ and up to the time of answer. The court held that the clause in section 14 which provides, "no employee so served with garnishment shall in any case be liable to answer for any amount not earned by such employee at the time of the service of the writ of garnishment," was limited to wage earners whose wages or salary was exempt under the first paragraph of the section. This interpretation was based upon the theory that the words, "such employee" referred back to the class of employees declared to be exempt under the first paragraph of section 14. No question of advancement was

raised in that case, and the opinion adopts language which would justify the inference that if advancements had been made prior to the service of the writ the garnishee would not have been found liable. The opinion states: "As there is nothing in the evidence that warrants treating these payments either as advancements or a set-off the garnishee must be held to have recognized them as an indebtedness at the time they were charged to the commission account."

The opinion, however, does indicate that the garnishee would be liable to answer for wages earned after the service of the writ and up to the time of answer, which is directly contrary to the Burgess and other cases.

The Baird case was tried on a stipulation of facts to the effect that between the service of the writ and filing of the answer the garnishee paid to the debtor $530 as an advance or drawing account against future commissions to be earned by him; that at the time of the service of the writ the debtor was indebted to the garnishee in the sum of $4,000, likewise advanced against commissions to be earned. At that time commissions were subject to garnishment without exemption, but now by amendment to the statute a debtor entitled to commissions is entitled to the same exemption as in cases of wages or salary. See Session Laws of 1933, p. 641, Ill. Rev. Stat. 1937, ch. 62, § 14, p. 1731; Jones Ill. Stats. Ann. 109.297.

The Davis case and the cases following it are, we hold, controlling in the instant case. Those upon which the judgment creditors rely are not applicable and as a matter of fact do not even discuss the actual question here to be decided. We hold that under the Garnishment Act an employer and employee have a right to enter into an arrangement by which the sums to be paid either as wages, salary, commissions or profit

allowances to be thereafter earned shall be paid in advance; that such an agreement is not fraudulent and when made and fairly and honestly carried out, payment made according to such an agreement does not subject the employer to a second payment under the provisions of the Garnishment Act, for the reason that the creditor may not appropriate by the garnishment writ that which did not exist at the time it was served.

The judgment is affirmed.

*Affirmed.*

O'Connor, P. J., and McSurely, J., concur.