(No. 41849.—

ELSIE TAYLOR, Appellee, *vs.* JOHN F. TAYLOR.—(Signal Oil and Gas Company, Appellant.)

*Opinion filed Nov. 26, 1969.—Rehearing denied Jan. 26, 1970.*

LORD, BISSELL & BROOK, of Chicago, (B. B. McMAHAN and JOSEPH E. COUGHLIN, of counsel,) for appellant.

BERNARD KAUFMAN and DONALD C. SCHILLER, both of Chicago, for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

A decree of divorce was entered on October 1, 1961, against John Taylor in the superior court (now, the circuit court) of Cook County which dissolved the marriage between Taylor and Elsie Taylor, who is the appellee here. The decree awarded the appellee permanent alimony of $175 per month. Taylor paid this obligation until February 1967, when he was transferred by his employer, Signal Oil and Gas Company, the appellant, from its Illinois office to its office in Houston, Texas. The appellee on October 4, 1967, obtained a judgment against Taylor in the circuit court of Cook County for $1309, which represented arrearages in alimony. She then instituted proceedings against the appellant, Signal Oil and Gas Company, (hereafter, Signal,) to satisfy the judgment under the Illinois Wage Deduction Act (Ill. Rev. Stat. 1967, ch. 62, par. 71 et seq.), and on October 16, 1967, Signal was served with a wage deduction summons. In its answer Signal stated that it had paid Taylor wages of $1758 per month for October and November, 1967. It stated, too, that commencing November 1, 1967, Taylor had been paid in advance for services to be rendered by him. Signal claimed that it was entitled to a set off for the amount of this advance, which was not, it said, subject to a wage deduction order. Signal also asked that the suit be dismissed on the ground that Taylor had ob-

tained from the district court of Harris County, Texas, an order enjoining Signal from discontinuing the payment of his wages, interfering with their payment and from communicating any information relative to his salary. This order was founded on the laws of Texas which prohibit the garnishment of wages. The circuit court of Cook County entered judgment for the appellee against Signal for $1309, the amount of the judgment for arrearages. It specially found that in October, 1967, and prior thereto, Taylor had been paid by Signal at the end of each month and commencing in November, 1967, Taylor had been paid in advance monthly for his services.

The first contention made on this appeal by Signal is that the full-faith-and-credit clause of the United States constitution required the trial court to honor the public policy expressed in the laws of Texas which prohibits the garnishment of wages. Relatedly, it is also contended that the Illinois Wage Deduction Act, which limits the recognition of exemptions to those allowed under the Act, is violative of the full-faith-and-credit clause. The section on exemptions (Ill. Rev. Stat. 1967, ch. 62, par. 73) provides in part: "This exemption (and no other) applies irrespective of the place where the compensation was earned or payable and the State where the employee resides."

The answer to both contentions is that generally the exemptions applied in garnishment proceedings have been judged to be part of the remedy of garnishment and not part of the original debt. They have been generally considered to be governed by the law of the forum of the proceedings. (See Leflar, American Conflicts of Law, §§ 45, 122; *Chicago Rock Island and Pacific R.R. Co.* v. *Sturm*, 174 U.S. 710, 43 L. Ed. 1144; *Armour Fertilizer Works* v. *Sanders* (5th cir.), 63 F.2d 902; 292 U.S. 190, 78 L. Ed. 1206.) Whatever qualifications may exist to this general rule, it seems undoubted that where the creditor is a resident of the forum and the debtor is not, as here, there is no require-

ment under the full-faith-and-credit clause that the debtor be permitted to invoke the exemption laws of his domicile. (See Unconstitutional Discrimination in the Conflicts of Laws; Equal Protection, 28 U. Chi. L. Rev. 1, 24.) The trial court did not err in applying the Illinois law to the exclusion of the law of Texas.

Signal cites *Coleman for use of Haberman* v. *American Sheet and Tin Plate Co.,* 285 Ill. App. 542, 548, 551, contending that the Appellate Court of Illinois there considered issues similar to those here and found that the law of the foreign jurisdiction was entitled to full faith and credit. In fact, the question there was dissimilar. In *Coleman,* an Indiana resident and employee of a corporation doing business in Indiana and Illinois, gave a wage assignment to an Illinois merchant as security for a credit purchase. Illinois permitted wage assignments but Indiana did not. The court held that the Indiana prohibition against wage assignments was a complete defense to an action in Illinois upon a wage assignment. The court, in considering whether the debtor had a right relative to his wages which could be transferred to another, stated: "Whether such a right under his contract of employment was capable of effective assignment is determined by the law of the place of making that contract. * * * Where a contract of employment is made and is to be performed in one State, the substantial rights of the parties thereunder, including the transferability of the right of the employee to his wages to be earned in the future, is determined by the law of that State, regardless of where the parties may litigate their differences. Future wages were not assignable under the Indiana statute, which, in our opinion, we are bound to recognize and enforce. Therefore, Coleman's attempted assignment to plaintiff of his future wages transferred no rights against defendant."

Signal also urged as part of its argument on the full-faith-and-credit clause that should it not be permitted to invoke the Texas law prohibiting wage garnishments it will

be unfairly subjected to liability to both the appellee and Taylor for the same wages. That is, it is claimed that after withholding wages as required by Illinois law it may be held liable to Taylor for wages under the Texas law which shelters wages from garnishment. The fear is unfounded. We deem, considering *Chicago, Rock Island and Pacific R.R. Co.* v. *Sturm,* 174 U.S. 710, that Texas would be required to give full faith and credit to the Illinois wage deduction proceedings. The Supreme Court of the United States in *Chicago, Rock Island and Pacific R.R. Co.* held that Kansas, which, as Texas does here, prohibited wage garnishments, was required to give full faith and credit to wage garnishment proceedings which had been conducted in Iowa.

Secondly, and alternatively to its argument that it was entitled to the benefit of the Texas law barring the garnishment of wages, Signal contends that the judgment was erroneous because it extended to wages Signal had paid in advance to Taylor. That is, the wages Signal paid to Taylor for November in advance of his services were beyond, it is said, the reach of the Wage Deduction Act.

Under our present statute (Ill. Rev. Stat. 1967, ch. 62, par. 77(b)) certain wages even though unearned at the time of service of summons may be reached by wage deduction proceedings. The statute (par. 77(b)) provides in section 7(b) : "To the extent of the amount due upon the judgment and costs, the employer shall hold, subject to order of court, any non-exempt wages due or which subsequently come due. The judgment or balance due thereon is a lien on wages due at the time of service of summons, and such lien shall continue as to subsequent earnings until the total amount due upon the judgment and costs is paid or until the expiration of the employer's payroll period ending immediately prior to 30 days after service of summons, whichever first occurs, except that such lien on subsequent earnings shall terminate sooner if the employment relationship

is terminated or if the underlying judgment is vacated or modified."

Thus, the service of summons under the Wage Deduction Act impresses a lien not only on wages due but on subsequent earnings until the expiration of the employer's last pay period prior to 30 days after service of summons. The summons here was served on October 16, 1967. Taylor had been paid at the end of each month prior to the payments in advance of his services, which payments were commenced in November 1967. The lien not only reached the wages due Taylor as of October 16, 1967, but extended to those until the expiration of Signal's pay period, *viz.*, October 31, 1967. That the October wages were so impressed with the lien is acknowledged here by Signal. The remaining question is whether the wages paid in advance for November, 1967, by Signal were impressed with the lien. Holdings by Illinois courts under the predecessor statute have been that advance payments of wages could not be garnisheed, because there was no debt in being in favor of the employee to be subjected to the proceeding. (*E.g. Campagna* v. *Automatic Electric Co.,* 293 Ill. App. 437.) We are unable to find in the present statute an expression of legislative intent that it should extend to a pure advance payment of wages as occurred here. The present statute says the "lien shall continue as to subsequent earnings", but we cannot consider that this language comprehends advanced moneys which are unearned. The garnishment process is purely a creature of statute (*Roth* v. *Kaptowsky,* 401 Ill. 424,) and the setting of its dimensions is matter for the legislature.

It appears that the judgment for $1309 was based on the November, 1967, earnings of Taylor, for which he had been paid by Signal in advance of his services, and also on the October 1967 earnings. The appellee's claim against Signal did not attach to the advanced payment for November and the judgment must be modified to exclude from it that portion or amount which is based on that payment in advance.

The judgment is vacated and the cause is remanded to the circuit court for the entry of judgment based only on the attachable 1967 earnings.

*Judgment vacated;*
*cause remanded, with directions.*